OPINION
Defendant-appellant, Michael Bost, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of domestic violence and enhancing the offense to a felony.
According to the state's evidence, defendant and April McCreary, the victim, lived together. On January 18, 2000, during the late evening, McCreary was sitting on the bedroom floor of their apartment pondering how she was going to keep her appointment with a lady from Choices, a domestic violence shelter, later that night. Defendant asked McCreary a question, apparently McCreary did not answer quick enough because defendant became angry and stood up, screaming at McCreary. Defendant eventually kicked McCreary in the left side of her stomach. McCreary was almost four months pregnant at the time. Brent Phillips, a Clinton Township police officer, testified that McCreary came to the police station, hysterical, crying, and bent over holding her stomach. McCreary reported the assault. Officer Phillips testified that her stomach had redness on the left side, approximately six inches in diameter.
Defendant was indicted on one count of domestic violence in violation of R.C. 2919.25. The indictment sought to enhance the degree of the offense because defendant had a prior conviction of negligent assault. Defendant appeals, assigning the following errors:
 I. APPELLANT WAS DENIED DUE PROCESS OF LAW IN THAT THERE IS INSUFFICIENT EVIDENCE TO SUPPORT THE JUDGMENT OF THE TRIAL COURT.
 II. COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT TO THE INTRODUCTION OF IRRELEVANT AND PREJUDICIAL EVIDENCE.
 III. APPELLANT WAS DENIED HIS RIGHT TO A FAIR TRIAL AS A RESULT OF PROSECUTORIAL MISCONDUCT.
Defendant's first assignment of error maintains that defendant was denied due process of law because the evidence was insufficient. Defendant claims that the state failed to prove the additional element of "involving a family or household member" thus, the evidence was only sufficient to convict defendant of a misdemeanor.
Under R.C. 2919.25, defendant's conviction of domestic violence could be enhanced upon a previous conviction of negligent assault in violation of R.C. 2903.14, "involving a person who was a family or household member at the time of the violation." In addition, R.C. 2945.75 provides, in relevant part:
 (A) When the presence of one or more additional elements makes an offense one of more serious degree:
* * *
 (2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.
This court in State v. Breaston (1993), 83 Ohio App.3d 410, held "noncompliance with R.C. 2945.75(A)(2) may not constitute reversible error if the verdicts incorporate the language of the indictment, the evidence is overwhelming that the additional element is present, and there has been no objection at trial." Id., citing State v. Woods
(1982), 8 Ohio App.3d 56.
Here defense counsel vigorously objected to the verdict form and the omission from the jury instructions of the additional element that the prior conviction for negligent assault involved a family or household member. The trial court overruled these objections.
A conviction of negligent assault does not require that the assault be committed against a family or household member. Thus, R.C. 2919.25
requires the state to prove that additional element in order to enhance the offense of domestic violence to a felony. Here, the verdict form stated, "[t]he Defendant, Michael Bost previously convicted of Negligent Assault." The jury was required to circle "was" or "was not," thus, the jury was not given the opportunity to determine whether defendant's prior conviction of negligent assault was on a family or household member. Further, the verdict did not incorporate the language of the indictment. Moreover, although the additional element was incorporated into the indictment, the trial court did not read the indictment to the jury.
Indeed the state concedes that the verdict form was insufficient and could not support the conclusion that the prior conviction for negligent assault involved a family or household member. Thus, the verdict is a conviction only of the least degree of the offense. R.C. 2945.75(A)(2). Therefore, defendant should have been sentenced to a misdemeanor of the fourth degree. Accordingly, defendant's first assignment of error is sustained.
Defendant's second assignment of error contends that defense counsel was ineffective due to his failure to object to irrelevant and prejudicial evidence. The state contends that this assignment of error is moot as it only relates to evidence of the prior conviction. However, the assignment of error contends that the admission of the prior conviction was prohibited "other acts" evidence. Thus, the argument raises the admission of evidence as it relates to the present conviction, and is not rendered moot.
In order to prevail on an ineffective assistance of counsel claim, a defendant must meet the two-prong test enunciated in Strickland v.Washington (1984), 466 U.S. 668. "Initially, defendant must show that counsel's performance was deficient. To meet that requirement, defendant must show that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment. Defendant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Next, if defendant successfully proves that counsel's assistance was ineffective, the second prong of the Strickland test requires defendant to prove prejudice in order to prevail. To meet that prong, defendant must show counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable. A defendant meets this standard with a showing `that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Id. at 694." State v. Sieng (Dec. 30, 1999), Franklin App. No. 99AP-282, unreported. (Citations omitted.)
Defendant maintains that defense counsel's representation was deficient in the following ways: (1) permitting reference to defendant's prior conviction for negligent assault as a "domestic violence case," (2) allowing the victim to testify regarding previous attacks and the general conduct of the defendant, (3) allowing the probation officer's testimony that defendant had a domestic violence charge that he pled to a negligent assault, (4) Officer Phillips' statement that he was not aware that defendant "had a previous conviction for domestic violence," and (5) the prosecutor's repeated reference to the prior domestic violence case.
Defendant challenges several statements raising his prior conviction for negligent assault and alluding to it as a domestic violence charge. Further, defendant maintains that the victim was allowed to testify regarding other acts without objection.
The trial court has broad discretion in the admission and exclusion of evidence, and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, an appellate court should be slow to interfere. State v. Hymore (1967), 9 Ohio St.2d 122,128; State v. Chavis (Dec. 26, 1996), Franklin App. No. 96APA04-508, unreported; State v. Ball (Sept. 21, 2000), Franklin App. No. 99AP-1288, unreported.
Defendant was indicted on a domestic violence charge that sought enhancement from a misdemeanor to a felony. Thus, defendant's prior conviction for negligent assault involving a family or household member was an essential element required to be proven by the state beyond a reasonable doubt. State v. Goodin (Nov. 15, 1994), Franklin App. No. 94APA03-327, unreported; State v. Allen (1987), 29 Ohio St.3d 53. See, also, State v. Settles (May 13, 1999), Seneca App. No. 13-98-63, unreported (recognizing that evidence of a prior conviction for domestic violence is permitted when not introduced for the sole purpose of showing conformity). Therefore, the evidence was relevant and properly admissible.
However, the following statement of Officer Phillips was improper: "I was not aware that he had a previous conviction for domestic violence." (Tr. 90.) This was an incorrect statement and defense counsel should have objected. In addition, defense counsel repeatedly allowed reference to the prior conviction as a domestic violence case. However, defendant has not shown that there is a reasonable probability that the outcome of the trial would have been different, absent the improper comments. There was sufficient evidence before the jury to find defendant guilty of domestic violence. Specifically, McCreary testified that defendant kicked the left side of her stomach, at a time when the two were living together. This testimony was corroborated by Officer Phillips, who testified that McCreary had a red spot on the left side of her stomach. Thus, defendant was not prejudiced. Accordingly, defendant's second assignment of error is overruled.
Defendant's third assignment of error asserts that he was denied a fair trial as a result of prosecutorial misconduct. Defendant maintains that in opening and closing argument, the prosecutor made improper remarks that defendant had a prior conviction of negligent assault arising out of a domestic relations case. Defendant contends that the prosecutor's comments were calculated to mislead the jury into assuming the negligent assault conviction involved a family or household member.
The test regarding prosecutorial misconduct is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant. To begin with, the prosecution must avoid insinuations and assertions which are calculated to mislead the jury. It is improper for an attorney to express his personal belief or opinion as to the credibility of a witness or as to the guilt of the accused. Moreover, an attorney is not to allude to matters which will not be supported by admissible evidence. Sieng, supra, citing State v. Smith
(1984), 14 Ohio St.3d 13, 14. See, also, State v. Lott (1990),51 Ohio St.3d 160, 165.
To the extent defendant's argument contends that the comments misled the jury to the conclusion that the prior conviction involved a family or household member, this argument is moot. It was determined in the first assignment of error that the evidence on this element was insufficient.
As to the domestic violence conviction at issue, the prior conviction of negligent assault involving a family or household member was an essential element to be proven by the state. The record in this case is unclear. There is evidence that defendant was previously charged with domestic violence and pled to negligent assault. However, the facts comprising the prior incident are not in evidence. Thus, arguably, the remarks from the prosecutor were improper. However, even if improper, defendant is unable to show prejudice, as there was sufficient evidence to find the defendant guilty of domestic violence, absent any improper remarks. Accordingly, defendant's third assignment of error is overruled.
Having overruled defendant's second and third assignments of error, but having sustained defendant's first assignment of error, the judgment of the trial court is affirmed in part and reversed in part, and this case is remanded to the trial court for re-sentencing.
 ____________________ GEORGE, J.
BROWN and TYACK, JJ., concur.
GEORGE, J., retired, of the Ninth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.