The STATE of Ohio, Appellee,

v.

GLEASON, Appellant.

[Cite as *State v. Gleason* (1996), 110 Ohio App.3d 240.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17311.

Decided April 3, 1996.

*Maureen O'Connor,* Summit County Prosecuting Attorney, and *Philip D. Bogdanoff,* Assistant Prosecuting Attorney, for appellee.

*Lawrence J. Whitney,* for appellant.

BAIRD, Presiding Judge.

Defendant-appellant, William E. Gleason, appeals his convictions of two counts of disseminating matter harmful to juveniles. We affirm in part and reverse in part.

Appellant was indicted in 1991 on four counts of rape and four counts of gross sexual imposition. The offenses were alleged to have been committed during 1984 and/or 1985 and involved two minor children, Phoebe W. and Adam W., who lived with appellant during the period in question. The indictment was later amended to add one count of disseminating matter harmful to juveniles with

respect to Phoebe and one count of disseminating matter harmful to juveniles with respect to Adam.

The Summit County Common Pleas Court granted a defense motion to suppress evidence obtained during a warrantless search of appellant's home. Upon the state's appeal of the suppression order, this court reversed the decision of the trial court and remanded the case for further proceedings. *State v. Gleason* (Nov. 4, 1992), Summit App. No. 15749, unreported, 1992 WL 323906.

Appellant was tried before a jury, which found him guilty of both counts of disseminating matter harmful to juveniles. The jury was unable to reach verdicts on any of the eight counts of rape and gross sexual imposition. Upon motion by the state, the court dismissed those charges.

Following sentencing, appellant filed a timely notice of appeal. He asserts four assignments of error.

## I

"The verdict finding appellant guilty of disseminating matter harmful to juveniles was against the manifest weight of the evidence and was inconsistent with the jury's inability to reach a verdict on the other counts of the indictment."

In his first assignment of error, appellant claims that the guilty verdicts rendered on the charges of disseminating matter harmful to juveniles are against the manifest weight of the evidence and are inconsistent with the jury's inability to reach verdicts on the rape and sexual imposition charges. Appellant argues that the state tried him on a theory that he had used harmful materials to educate or arouse Phoebe and Adam so that he could engage in sexual activity with them. Appellant theorizes that, because the jury could not reach verdicts on the rape and sexual imposition charges, it could not have found that he disseminated matter harmful to juveniles. As partial support for his argument, appellant cites a transcript of a colloquy between the court, defense counsel, and the jury, which took place after the verdicts were returned. Appellant also maintains that the jury ignored the court's instructions.

The standard for determining whether a conviction is against the manifest weight of the evidence was set forth in *State v. Otten* (1986), 33 Ohio App.3d 339, 340, 515 N.E.2d 1009, 1010–1011:

"In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."

This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. *Id.*

In finding the appellant guilty of disseminating matter harmful to juveniles in violation of R.C. 2907.31,[1] the jury was required to find that the state had proven, beyond a reasonable doubt, that appellant (1) recklessly (2) delivered, furnished, disseminated, provided, exhibited, or presented (3) to Phoebe and to Adam, both of whom were juveniles at the time of the offense, (4) obscene or harmful material (5) that appellant knew was obscene or harmful.

Phoebe was between ten and eleven years old and Adam was between five and six years old at the time of the offenses. Neither child told anyone what had happened until approximately six years later. At that time, Adam reported that he and Phoebe had been made to watch sexually explicit films and that they were instructed to do what they had seen in the film, which included performing oral sex. Phoebe reported that appellant forced her to watch pornographic films depicting teenagers engaging in sexual activity. Following these viewings, appellant would force Phoebe to perform the acts she saw in the films.

The children's mother testified at trial that she and the children lived with appellant from 1981 until September 1985. She described pornographic magazines that appellant kept in his house and stated that appellant showed them to the children many times in her presence and that she would tell him not to do that. She was not aware, however, of any sexual abuse of the children until several years later when Adam first told her what had happened.

Phoebe testified that appellant would call her into his bedroom and tell her to look at magazines depicting people performing oral sex and intercourse. According to Phoebe, appellant used the magazines as a source of instruction prior to forcing her to engage in sexual acts with him. At times, Adam would be present. Phoebe also stated that she was forced, on at least one occasion, to watch a pornographic film. Appellant would obtain Phoebe's compliance by threatening to hurt or kill her, her mother, or Adam, or by threatening to throw them out of his house if she refused.

---

1. R.C. 2907.31(A) provides:

"No person, with knowledge of its character or content, shall recklessly do any of the following:

"(1) Sell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile any material or performance that is obscene or harmful to juveniles;

"* * *

"(3) Allow any juvenile to review or peruse any material or view any live performance that is harmful to juveniles."

Adam testified that appellant made him look at photographs of people engaging in oral sex and would tell him to do what he saw. Adam also stated that appellant made him look at films of "younger people" engaging in sexual acts.

In light of the evidence before the jury on both counts of disseminating harmful materials to juveniles, the verdicts were not against the manifest weight of the evidence. Moreover, the record does not suggest that the jury failed to follow the instructions given by the court.

The jurors' guilty verdicts on the two counts of disseminating matter harmful to juveniles are not inconsistent with their inability to reach verdicts on the rape and sexual imposition counts. The elements of the crimes are substantially different, and evidence that the jurors may have found favorable to the defense on the rape and sexual imposition counts had no bearing on the dissemination counts. Individual counts in an indictment "are not interdependent and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count." *State v. Brown* (1984), 12 Ohio St.3d 147, 12 OBR 186, 465 N.E.2d 889, syllabus; *State v. Schaffer* (Aug. 10, 1994), Summit App. No. 16712, unreported, at 3, 1994 WL 431179.

With respect to appellant's argument that postconviction discussions with the jury about how it arrived at its verdicts should be considered as evidence that the jury lost its way, this argument is without merit. In accordance with Evid.R. 606(B), a jury verdict may not be impeached by the testimony of a juror unless there is evidence *aliunde* impeaching the verdict. *State v. Kehn* (1977), 50 Ohio St.2d 11, 18, 4 O.O.3d 74, 78, 361 N.E.2d 1330, 1335, certiorari denied (1977), 434 U.S. 858, 98 S.Ct. 180, 54 L.Ed.2d 130; *State v. Vance* (May 7, 1986), Summit App. No. 12376, unreported, at 2, 1986 WL 5406. "*Aliunde* evidence is other distinct or independent evidence beyond the testimony volunteered by the juror himself." *Vance* at 2. Because there is no evidence *aliunde* impeaching the verdicts in the case before us, the postverdict testimony offered by appellant may not be considered as part of this court's review.

Appellant's first assignment of error is overruled.

## II

"The trial court erred in sentencing appellant for a felony of the third degree [because] at the time of the alleged commission of the acts in the indictment, the crime [w]as a felony of the fourth degree."

The indictment charging appellant with two counts of disseminating matter harmful to juveniles in violation of R.C. 2907.31 classified the offenses as felonies

of the third degree. Prior to sentencing, appellant notified the court that in 1984 and 1985, when the offenses were alleged to have occurred, a violation of R.C. 2907.31 by dissemination of harmful and obscene materials was a felony of the fourth degree. The court noted appellant's argument but treated both convictions as third degree felonies when imposing sentence.[2] Appellant argues that the convictions should have been treated as fourth degree felonies for sentencing purposes.

R.C. 2907.31(D) was amended, effective March 17, 1989, to provide that violations of the section by the dissemination of "obscene" materials to juveniles under thirteen years of age is a felony of the third degree. Sub.H.B. No. 51. In 1984 and 1985, however, R.C. 2907.31(D) provided that violations of the section were a misdemeanor of the first degree if the material involved was "harmful to juveniles but not obscene." If the material involved was obscene, a violation of the section was a felony of the fourth degree. *Id.*

The Ex Post Facto Clause of Section 10, Article I of the United States Constitution and the retroactive laws provision of Section 28, Article II of the Ohio Constitution forbid "any statute which punishes as a crime an act previously committed, which was innocent when done, [or] which makes more burdensome the punishment for a crime, after its commission." *Beazell v. Ohio* (1925), 269 U.S. 167, 169, 46 S.Ct. 68, 68, 70 L.Ed. 216, 217; *State v. Ahedo* (1984), 14 Ohio App.3d 254, 256, 14 OBR 283, 285, 470 N.E.2d 904, 908.

■ The minimum term of imprisonment in Ohio for a felony of the third degree is one year, and the minimum term of imprisonment for a felony of the fourth degree is six months. R.C. 2929.11(D). Because a violation of the dissemination statute in 1984 or 1985 under the facts and circumstances of this case would have resulted in a minimum term of imprisonment of six months, and because application of the statute's current provisions resulted in a minimum term of imprisonment of one year, the trial court erred in applying the current classifications set forth in R.C. 2907.31 to appellant's convictions.

Accordingly, appellant's second assignment of error is sustained.

### III

"In a case charging disseminating matter harmful and obscene to juveniles, under 13 years of age, in violation of R.C. 2907.31, a verdict finding appellant guilty of disseminating matter harmful to a juvenile under 13, is a verdict finding appellant guilty of a misdemeanor of the first degree."

---

2. Appellant was sentenced to a definite period of one year on each count, with sentences to run consecutively.

The indictment charging appellant with two counts of disseminating matter harmful to juveniles stated in the first count, with respect to Phoebe, and in the second count with respect to Adam, that appellant "from on or about 1984 through on or about 1985 * * * did with knowledge of its character or content, recklessly furnish, disseminate, provide, exhibit, or present to * * * a juvenile under the age of Thirteen (13) years old, material or a performance that is obscene and harmful to juveniles, in violation of Section 2907.31 of the Ohio Revised Code, A FELONY OF THE THIRD DEGREE."

The verdict form for these counts stated only that the jurors were to determine whether appellant was guilty or not guilty of "DISSEMINATING MATTER HARMFUL TO JUVENILES as charged in the Indictment." The verdict form did not identify the offense as either a felony or misdemeanor nor did it provide for any independent finding by the jury on the issue of whether the material disseminated was "obscene." The court did not read the indictment to the jury but instructed that, in order to find appellant guilty, the jury must find that any material disseminated "was obscene *or* harmful to a juvenile." (Emphasis added.)

In his third assignment of error, appellant argues that neither the jury instructions nor the verdict form properly instructed the jury that it must find that the material disseminated was harmful *and obscene* before it could convict appellant of a felony. Instead, the verdict form required only a finding that the material was "harmful," a misdemeanor of the first degree; and the jury instruction required a finding of obscene *or* harmful. Accordingly, appellant argues, he should have been sentenced only for committing two misdemeanors of the first degree.

R.C. 2945.75(A)(2) provides: "A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." R.C. 2907.31(D) provided in 1984 and 1985 that violations of the section were a misdemeanor of the first degree if the material involved was "harmful to juveniles but not obscene." If the material involved was obscene, as well as harmful, a violation of the section constituted a felony of the fourth degree.

The guilty verdicts in this case clearly did not state either the degree of the offense or a finding that the material distributed was "obscene." The verdicts stated only that the material disseminated was "harmful." Under a plain reading of R.C. 2945.75(A)(2), therefore, the guilty verdicts on both counts constitute a finding of guilty of the least degree of the offense charged, in this case a misdemeanor of the first degree. See *State v. Breaston* (1993), 83 Ohio App.3d 410, 413, 614 N.E.2d 1156, 1158.

The state urges this court to follow *State v. Woods* (1982), 8 Ohio App.3d 56, 63, 8 OBR 87, 95, 455 N.E.2d 1289, 1298, wherein the Cuyahoga County Court of Appeals held that "[t]he failure of the verdict forms to comply strictly with R.C. 2945.75(A)(2) does not constitute reversible error, when the verdicts incorporate the language of the indictments, the evidence overwhelmingly shows the presence of the aggravating circumstances, and defendants never objected at trial to the form of the verdicts." In *Woods,* however, the indictments were read to the jury and the language of the indictments was included in the charge to the jury. Here, the indictments were not read to the jury. Moreover, the court charged the jury that it could find appellant guilty if the material was "obscene or harmful," without distinguishing that a finding of "harmful" alone was a misdemeanor and that a finding of "harmful" *and* "obscene" was a felony.

The state also argues that appellant waived the right to raise this issue on appeal because he did not object to the verdict form or the jury instructions prior to jury deliberations. We agree that, ordinarily, failure to object to a jury instruction or verdict form constitutes waiver of any error for appeal. See, *e.g., State v. Adams* (1980), 62 Ohio St.2d 151, 153, 16 O.O.3d 169, 170, 404 N.E.2d 144, 146. However, the errors that a defendant is required to object to in the trial court are those that prejudice *him.* Here, the verdict form as drawn charged appellant with a misdemeanor of the first degree. The state would have us conclude that a defendant has a duty to object to his being charged with a misdemeanor and to request, to his detriment, that he be charged with a felony. A defendant, however, has no duty to ask the state to charge him with a more serious crime or to mete out greater punishment. It is the state's responsibility, and not the defendant's, to call to the court's attention errors which prejudice the state. *State v. Breaston,* 83 Ohio App.3d at 413, 614 N.E.2d at 1158.

We note, moreover, that appellant did raise this issue in the trial court, prior to sentencing, when the court refused to sentence him for convictions of misdemeanors as required by statute.

Appellant's third assignment of error is sustained.

## IV

"The trial court erred in failing to grant a motion for judgment of acquittal for reason that the state failed to offer any evidence of a community standard in a prosecution for disseminating matter harmful and obscene to juveniles and the court's failure to charge the jury that the state must provide evidence of a community standard is reversible error."

At the close of the state's case, as well as at the close of the evidence, appellant moved for a judgment of acquittal based upon the failure of the state to provide evidence of a community standard on the elements of "harmful" and "obscene"

relative to the dissemination charges. In his fourth assignment of error, appellant argues that the trial court erred in overruling those motions.

Crim.R. 29(A) provides that the trial court shall enter a judgment of acquittal with respect to a particular offense "if the evidence is insufficient to sustain a conviction of such offense." In reviewing the sufficiency of the evidence, an appellate court must determine, after examining the evidence, whether the evidence presented by the state, if believed, "would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

The state is not required to present expert witnesses or other evidence of community standards in order to establish its case so as to withstand a Crim.R. 29(A) motion for acquittal. *Urbana ex rel. Newlin v. Downing* (1989), 43 Ohio St.3d 109, 113, 539 N.E.2d 140, 145, certiorari denied (1989), 493 U.S. 934, 110 S.Ct. 325, 107 L.Ed.2d 315. When the materials alleged to be obscene or harmful are introduced into evidence, as they were here, witnesses are not required to testify as to whether those items affront the average person applying contemporary community standards. *Id.* at 112–113, 539 N.E.2d at 144–145. See, generally, *Paris Adult Theatre I v. Slaton* (1973), 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446, and *Miller v. California* (1973), 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419, rehearing denied (1973), 414 U.S. 881, 94 S.Ct. 26, 38 L.Ed.2d 128.

Several items taken from appellant's home were introduced into evidence. Both Phoebe and Adam testified that appellant showed them pornographic magazines and films that depicted fellatio, cunnilingus, and vaginal intercourse performed, at times, by groups and by "younger people." Viewing this information in a light most favorable to the prosecution, there was sufficient evidence from which reasonable minds could have concluded that this material was harmful.

Appellant's fourth assignment of error is overruled.

The decision of the trial court is affirmed in part, reversed in part, and remanded to the trial court for resentencing in accordance with our decision that appellant was convicted of two misdemeanors of the first degree and not two felonies of the third degree.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded with instructions.*

DICKINSON and SLABY, JJ., concur.