OPINION
On February 2, 1984, the Licking County Grand Jury indicted appellant, Jeffrey Coventry, on one count of aggravated murder with a firearm specification in violation of then R.C. 2903.01 and R.C. 2929.71. On July 5, 1984, appellant pled guilty to one count of murder pursuant to a plea agreement. Thereafter, the trial court sentenced appellant to an indeterminate term of fifteen years to life in prison.
On July 18, 2000, appellant filed a complaint against appellees, Margarette Ghee, Chairperson of the Ohio Adult Parole Board, and Robert Becker, Licking County Prosecutor. An amended complaint was filed on January 25, 2001. In essence, appellant alleged a breach of his plea agreement and challenged the Board's evaluation process for his parole release.
On May 25, 2001, appellant filed a motion for summary judgment and appellees filed a joint motion to dismiss or, in the alternative, a motion for summary judgment. By judgment entry filed August 7, 2001, the trial court granted appellees' motion for summary judgment.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE APPELLEES ON MR. COVENTRY'S BREACH OF CONTRACT CLAIM BECAUSE MR. COVENTRY WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE APPELLEES ON MR. COVENTRY'S EX POST FACTO CLAIM BECAUSE MR. COVENTRY WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE APPELLEES ON MR. COVENTRY'S DOUBLE JEOPARDY CLAIM BECAUSE MR. COVENTRY WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 IV. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE APPELLEES ON MR. COVENTRY'S EQUAL PROTECTION CLAIM BECAUSE MR. COVENTRY WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 V. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE APPELLEES ON MR. COVENTRY'S SEPARATION OF POWERS CLAIM BECAUSE MR. COVENTRY WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 VI. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE APPELLEES ON MR. COVENTRY'S GOOD-TIME CREDIT CLAIM BECAUSE MR. COVENTRY WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
In his assignments of error, appellant claims the trial court erred in granting summary judgment to appellees. Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule has recently been reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmermanv. Tompkins (1996), 75 Ohio St.3d 447, 448:
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35.
 I
Appellant claims the trial court erred in granting summary judgment to appellees on his breach of contract claim. We disagree.
The basis of appellant's breach of contract claim is a plea agreement he entered into with the state of Ohio via the Licking County Prosecutor's Office on July 5, 1984. It is undisputed the plea agreement reduced the indicted charge of aggravated murder to murder and appellant was sentenced to fifteen years to life in prison. Nowhere in the record is there a promise of parole eligibility. It is also undisputed that appellant's first opportunity for parole eligibility was ten years and six months into his sentence, R.C. 2967.13, and appellant was afforded a parole hearing at said time. Appellant concedes in his brief that he was afforded a parole review hearing on April 20, 1994 and after he was not released, a second hearing was scheduled for June of 1999. Appellant's Brief at 2.
Based upon these facts, we find there has been no breach of the plea agreement. Appellant received the sentence bargained for and received his first parole hearing.
Assignment of Error I is denied.
 II, III, IV, V
Appellant claims the trial court erred in granting summary judgment to appellees on his constitutional claims: ex post facto, double jeopardy, equal protection and separation of powers. We disagree.
Appellant challenges the Ohio Adult Parole Authority's 1998 revised guidelines which reclassified his offense and placed him in a category that did not make him eligible for parole until he had served twenty-five years of his fifteen year to life sentence.
 EX POST FACTO CLAIM
This court has found that the issue of "parole guidelines" is not appropriate for constitutional review. Sims v. Ohio Adult ParoleAuthority (November 29, 2001), Richland App. No. 01CA36, unreported. InSims, this court noted the "Ohio parole guidelines are not constitutional provisions, statutes or rules" and as such, "place no `substantive limits on official discretion.'" Id. at 5 and 8, quoting Olim v. Wakinekona
(1983), 461 U.S. 238, 249.
The ex post facto clause forbids "`any statute which punishes as a crime an act previously committed, which was innocent when done, [or] which makes more burdensome the punishment for a crime, after its commission.'" State v. Gleason (1996), 110 Ohio App.3d 240, 246, quotingBeazell v. Ohio (1925), 269 U.S. 167, 169. Because the guidelines do not constitute laws or statutes, we find the ex post facto argument fails.
 DOUBLE JEOPARDY CLAIM
Appellant argues the double jeopardy clause prohibits multiple punishments for the same offense. We find this constitutional provision does not apply sub judice. Appellant was sentenced to fifteen years to life. The establishment of parole guidelines that find appellant to be parole eligible after twenty-five years is not double punishment for the same offense. The term "life imprisonment" connotes an indefinite time which is subject to each inmate's actual life span. In his brief at 22, appellant conceded the sentence was not changed.
 EQUAL PROTECTION CLAUSE
Appellant argues he was denied equal protection under the laws. The Equal Protection Clause requires laws to operate equally upon similarly situated persons. Appellant does not argue that the 1998 guidelines are applied unequally, but claims those who were paroled under the previous guidelines had the benefit of receiving lighter sentences. He argues previous to 1998, he was not subjected to the current guidelines that consider the facts of the offense. Essentially, appellant argues he should not have been reclassified based upon the facts. The Supreme Court of Ohio has consistently held that the Adult Parole Authority has the right to consider the nature of the offense even if the inmate pled to a lesser crime. State ex rel. Lypschutz v. Shoemaker (1990),49 Ohio St.3d 88.
By permitting the Adult Parole Authority to view each case on a fact specific basis, we fail to find the equal protection claim to be applicable sub judice.
 SEPARATION OF POWERS CLAIM
Appellant argues the guidelines violate the separation of powers doctrine. He argues the change of his parole eligibility date in fact resentenced him or permitted him to be convicted of a crime he was not convicted of in the judicial branch.
The act of determining parole is not a judicial function, but is purely executive in nature. Rose v. Haskins (1968), 388 F.2d 91. The sentence drafted by the legislature and given by the trial court was fifteen years to life. There has been no resentencing or enlargement of the statutory sentence because of the Adult Parole Authority's guidelines.
Assignments of Error II, III, IV and V are denied.
 VI
Appellant claims the setting of his next parole hearing in 2009 abrogates his right to good-time credit. We disagree.
When appellant was sentenced, R.C. 2976.19(A) was in effect and governed good-time consideration against his minimum sentence:
 Except as provided in division (F) of this section, a person confined in a state correctional institution is entitled to a deduction from his minimum or definite sentence of thirty per cent of the sentence, prorated for each month of the sentence during which he faithfully has observed the rules of the institution. Any deduction earned under this division shall be credited to the person pursuant to division (E) of this section.
We note the statute spoke to credit on the minimum sentence not the maximum sentence, and our brethren from the Third and Tenth Districts have concurred in this reasoning. See, Elkins v. Holland (March 23, 1995), Allen App. No. 1-94-83, unreported; State of Ohio ex rel. Mishlerv. Clark (April 18, 1978), Franklin App. No. 77AP-826, unreported.
During his first parole hearing in 1994, appellant was given "good-time credit" against the fifteen year sentence because it was ten years and six months into his minimum sentence. R.C. 2976.19 has been complied with by the state. Nowhere is there any guarantee that said statute reapplied at subsequent parole hearings.
Assignment of Error VI is denied.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By FARMER, J., HOFFMAN, P.J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.