OPINION
{¶ 1} Defendant-appellant David L. Lacey appeals his sentence from the Richland County Court of Common Pleas on one count of receiving stolen property in violation of R.C. 2913.51, a felony of the fourth degree. Plaintiff-appellee is the State of Ohio.
 {¶ 2} On the 24th day of May 2004, when Larry Oswalt arrived home from work, he discovered that burglars had broken into his residence at 559 Poorman Road in Bellville, Richland County, Ohio. Among the items missing were 16 rifles and shotguns.
 {¶ 3} On the same day, appellant received a telephone call from Shawn Alicia Morris telling him that she had some people who wanted to sell some guns. Appellant was with a business acquaintance, Steve Greenich, when he got the call. The two of them decided to look at the guns and went to the residence where they were located. Appellant negotiated with the individual who had the guns, and a price of three hundred fifty dollars ($350.00) was agreed upon. Greenich provided the money, as he and appellant agreed that he would he would be the ultimate buyer. The guns were loaded into appellant's truck and the pair drove back to appellant's house. Greenich then loaded the guns into his truck and left. Greenich sold the guns, a day or so later, for twelve hundred fifty dollars ($1,250.00).
 {¶ 4} Detective Bob Mack of the Richland County Sheriff's office testified that the guns were recovered a short time after they were stolen as the result of apprehending the individuals who had stolen the guns from Oswalt's home. The thieves told the detective that the guns had been sold to appellant.
 {¶ 5} Detective Mack, along with other officers, went to appellant's home around 7:00 P.M., two days after the burglary. Upon being advised as to why the officers were there, appellant immediately acknowledged he and Greenich had purchased the guns. Appellant took the officers to Greenich's home.
 {¶ 6} Ultimately, as a result of the cooperation appellant gave to the law enforcement officers, all of the weapons were recovered that evening, just a few days after they had been stolen.
 {¶ 7} The 16 guns were not immediately returned to their owner, Larry Oswalt. A trap gun, which he indicated he used in "protection shooting" competitions, was returned to him within a month or a month-and-a-half after appellant retrieved it for the officers. However, the remaining guns were held for a year, "for evidence," before the state filed a motion to substitute photographs for them at trial.
 {¶ 8} Appellant was indicted for one count of receiving stolen property in violation of R.C. 2913.51, a felony of the fourth degree. On October 7, 2005 following trial, the jury found appellant guilty of "Receiving Stolen Property." On October 31, following the preparation of a presentence report, appellant was sentenced to a term of imprisonment of eighteen (18) months. The trial court suspended the term of imprisonment, and placed appellant on community control for a period of five (5) years.
 {¶ 9} As conditions of community control, appellant was ordered to pay a fine in the amount of five thousand dollars ($5,000.00); to perform four hundred (400) hours of community service; to pay "restitution," in the amount of one thousand dollars ($1,000.00), to the owner of the rifles and shotguns for the owner's "loss of use" of said property; to seek and maintain full-time employment; to not "cohabit with girlfriends or boyfriends with whom you engage in sexual relations"; and, to not "engage in the purchase or sale of used property."
 {¶ 10} Appellant timely appeals from his sentence raising the following five assignments of error for our consideration:
 {¶ 11} "I. THE COURT ERRED WHEN SENTENCING APPELLANT FOR A FELONY OF THE FOURTH DEGREE WHERE THE VERDICT ONLY SUPPORTS A CONVICTION OF A MISDEMEANOR OF THE FIRST DEGREE.
 {¶ 12} "II. THE COURT ERRED WHEN MAKING THE PERFORMANCE OF FOUR HUNDRED (400) HOURS OF COMMUNITY SERVICE A CONDITION OF APPELLANT'S COMMUNITY CONTROL.
 {¶ 13} "III. THE COURT ERRED IN ORDERING, AS A CONDITION OF APPELLANT'S COMMUNITY CONTROL, HE PAY $1,000.00 IN RESTITUTION TO THE OWNER OF THE STOLEN PROPERTY FOR HIS LOSS OF ITS USE.
 {¶ 14} "IV. THE COURT ERRED WHEN ORDERING, AS A CONDITION OF APPELLANT'S COMMUNITY CONTROL, HE NOT COHABIT WITH GIRLFRIENDS OR BOYFRIENDS WITH WHOM HE ENGAGES IN A SEXUAL RELATIONSHIP.
 {¶ 15} "IV. THE COURT ERRED WHEN ORDERING, AS A CONDITION OF APPELLANT'S COMMUNITY CONTROL, HE NOT ENGAGES IN THE PURCHASE OR SALE OF USED PROPERTY.
 I. {¶ 16} Appellant claims that the trial court erred in sentencing him for a felony of the fourth degree when the jury verdict was a finding of guilty of a R.C. 2913.51 violation without the specific finding the property involved is a firearm or dangerous ordnance, as defined in section 2923.11 of the Revised Code. We agree.
 {¶ 17} In the case at bar, the verdict form read as follows: "We the jury find the defendant David Lacey: *guilty of the crime of receiving stolen property. All we jurors who agree with this verdict form sign our names below in ink on October 7,
2005." The verdict form was signed by twelve jurors.
 {¶ 18} R.C. 2913.51 defines the offense of Receiving Stolen Property as follows:
 {¶ 19} "(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.
 {¶ 20} "* * *
 {¶ 21} "(C) Whoever violates this section is guilty of receiving stolen property. Except as otherwise provided in this division, receiving stolen property is a misdemeanor of the first degree . . . if the property involved is a firearm or dangerous ordnance, as defined in section 2923.11 of the Revised Code, receiving stolen property is a felony of the fourth degree. . . ."
 {¶ 22} R.C. 2945.75(A)(2) states that "[w]hen the presence of one or more additional elements makes an offense one of more serious degree * * * [a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." Accordingly, appellant argues that the trial court could not sentence him for a felony of the fourth degree because the jury did not make a finding that the property involved was a firearm or dangerous ordnance, as defined in R.C. 2923.11.
 {¶ 23} The state relies on decisions from various Ohio districts that have held that a verdict's failure to comply with R.C. 2945.72(A) (2) does not constitute reversible error when "the verdicts incorporate the language of the indictments, the evidence overwhelmingly shows the presence of the aggravating circumstances, and defendants never objected at trial to the form of the verdicts." See e.g., State v. Woods (1982),8 Ohio App.3d 56, 455 N.E.2d 1289.
 {¶ 24} We decline to follow the so-called "substantial compliance test" because we believe the issue has been resolved by the decisions in Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, and State v. Foster (Feb. 26, 2006), 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
 {¶ 25} In Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, the defendant-petitioner was convicted of, inter alia, second-degree possession of a firearm, an offense carrying a maximum penalty of ten years under New Jersey law. Id. at 469-470, 120 S.Ct. 2348. On the prosecutor's motion, the sentencing judge found by a preponderance of the evidence that Apprendi's crime had been motivated by racial animus. That finding triggered application of New Jersey's "hate crime enhancement," which doubled Apprendi's maximum authorized sentence. The judge sentenced Apprendi to 12 years in prison, 2 years over the maximum that would have applied but for the enhancement.
 {¶ 26} The Court held "that Apprendi's sentence violated his right to `a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.' Id., at 477, 120 S.Ct. 2348, (quoting UnitedStates v. Gaudin (1995), 515 U.S. 506, 510, 115 S.Ct. 2310,132 L.Ed.2d 444). That right attached not only to Apprendi's weapons offense but also to the `hate crime' aggravating circumstance. New Jersey, the Court observed, `threatened Apprendi with certain pains if he unlawfully possessed a weapon and with additional pains if he selected his victims with a purpose to intimidate them because of their race.' Id. at 530 U.S. 476, 120 S.Ct. 2348. Merely using the label `sentence enhancement' to describe the [second act] surely does not provide a principled basis for treating [the two acts] differently." Id. See, also, Ring v.Arizona (2002), 536 U.S. 584, 602, 122 S.Ct. 2428, 2439.
 {¶ 27} In Blakely, the U.S. Supreme Court held that: "[o]ur precedents make clear, however, that the `statutory maximum' forApprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. See Ring, supra at 602,153 L.Ed.2d 556, 122 S.Ct. 2428 ("`the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" [quoting Apprendi, supra at 483, 147 L.Ed.2d 435,120 S.Ct. 2348]); Harris v. United States, 536 U.S. 545, 563,153 L.Ed.2d 524, 122 S.Ct. 2406 (2002) (plurality opinion) (same); cf.Apprendi, supra at 488, 147 L.Ed.2d 435, 120 S.Ct. 2348 (facts admitted by the defendant). In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts `which the law makes essential to the punishment,', and the judge exceeds his proper authority." Id.
 {¶ 28} In Foster the Court found, the provisions addressing "more than the minimum" sentence for offenders who have not previously served a prison term pursuant to R.C. 2929.14(B) required the sentencing court to make findings beyond those facts found by a jury or admitted by an accused. Id. at ¶ 61.
 {¶ 29} The Court in Foster found the same infirmity with respect to the procedure employed by a trial court imposing consecutive sentences pursuant to R.C. 2929.14(E)(4) and2929.41(A). Id. at paragraph 3 of the syllabus.
 {¶ 30} The Court found both provisions to be unconstitutional under the United States Supreme Court decisions in Apprendi v.New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435, and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403.
 {¶ 31} In appellant's case, the jury only found him guilty of receiving stolen property. Accordingly, appellant can only receive a maximum sentence of six months for a misdemeanor of the first degree based upon the jury's verdict; the jury did not make a finding that the property involved was a firearm or dangerous ordnance, as defined in R.C. 2923.11. That the trial court sentenced appellant for a felony of the fourth degree required the trial court to make the finding that was not included in the jury verdict form, i.e. that the property involved was a firearm or dangerous ordnance, as defined in R.C. 2923.11. This runs afoul of the holdings in Apprendi, Blakely and Foster supra.
 {¶ 32} We would note that the prosecutor had the same opportunity to object to the incorrect jury verdict form as did defense counsel. No objection to the verdict form was raised by either party in the trial court.
 {¶ 33} "We agree that, ordinarily, failure to object to a jury instruction or verdict form constitutes waiver of any error for appeal. See, e.g., State v. Adams (1980),62 Ohio St.2d 151, 153, 6 O.O.3d 169, 170, 404 N.E.2d 144, 146. However, the errors that a defendant is required to object to in the trial court are those that prejudice him. Here, the verdict form as drawn charged appellant with a misdemeanor of the first degree. The state would have us conclude that a defendant has a duty to object to his being charged with a misdemeanor and to request, to his detriment, that he be charged with a felony. A defendant, however, has no duty to ask the state to charge him with a more serious crime or to mete out greater punishment. It is the state's responsibility, and not the defendant's, to call to the court's attention errors which prejudice the state. State v.Breaston, 83 Ohio App.3d at 413, 614 N.E.2d at 1158". State v.Gleason (1996), 110 Ohio App.3d 240, 248, 673 N.E. 2d 985, 991.
 {¶ 34} Since the State, and not appellant, had the burden of raising the error in the trial court the State's contention that the issue has been waived by appellant for purposes of appeal is misplaced.
 {¶ 35} Accordingly, appellant's First Assignment of Error is sustained.
 II. {¶ 36} In his Second Assignment of Error appellant argues that the trial court erred when making the performance of 400 hundred hours of community service a condition of appellant's community control. We agree.
 {¶ 37} Appellant in his brief had argued that R.C. 2951.02(H) (1) (a) and (H) (2) limited the trial court to imposing a maximum of 200 hundred hours of community service as a condition of community control. However, at oral argument appellant's counsel agreed that the pertinent provisions of R.C. 2951.02 have been replaced and superseded by R.C. 2929.17(C) which permits a trial court to impose a term of community service of up to 500 hundred hours. However, the trial court sentenced appellant to community service under the felony sentencing statute R.C. 2929.17. Upon remand appellant will be sentenced pursuant to the misdemeanor statute R.C. 2929.27. Accordingly, we sustain appellant's second assignment of error and vacate the community service in order that the trial court can properly sentence appellant pursuant to R.C. 2929.27.
 III. {¶ 38} In his Third Assignment of Error, appellant maintains that the trial court erred in ordering restitution in the amount of $1,000.00 as a condition of community control. We agree.
 {¶ 39} We would note that the State failed to address this issue in its brief.
 {¶ 40} A trial court is authorized to order restitution by an offender to a victim in an amount based upon the victim's economic loss. R.C. 2929.18(A) (1). The trial court is to determine the amount of restitution at the sentencing hearing. Id. The amount of the restitution must be supported by competent, credible evidence from which the court can discern the amount of the restitution to a reasonable degree of certainty. State v.Gears (1999), 135 Ohio App.3d 297, 733 N.E.2d 683. A trial court abuses its discretion in ordering restitution in an amount that was not determined to bear a reasonable relationship to the actual loss suffered. State v. Williams (1986),34 Ohio App.3d 33, 516 N.E.2d 1270.
 {¶ 41} In the case sub judice, the trial court ordered restitution in the amount of $1,000.00 to the owner of the guns for the "loss of use of the property" because the owner used one of the firearms in competitive shooting competitions as a means of generating income. (Sent. T. October 31, 2005 at 8).
 {¶ 42} The only reference this court has found in the record concerning this loss was a statement during the trial by the victim that he used one of the firearms to generate income. (1T. at 57). The police released the competitive firearm within one to one and one-half months of the crime. (Id.).
 {¶ 43} We find the restitution order sub judice cannot stand because there must be a due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered. See State v. Trivedi (1982), 8 Ohio App.3d 412, 416, 8 OBR 534, 539, 457 N.E.2d 868, 873; State v. Williams, supra.
 {¶ 44} The sums claimed in the case at bar were never identified with certainty prior to the order of restitution. Id.
 {¶ 45} In light of our disposition of Assignment of Error I, supra, we believe the proper disposition in this case is to remand this case to the trial court for a hearing on the issue of restitution. State v. Riggs (June 13, 1991), 4th Dist. No. 454. To that extent, appellant's Third Assignment of Error is sustained.
 IV. V. {¶ 46} In his Fourth Assignment of Error, appellant maintains that the trial court erred in imposing a restriction that he not cohabit with girlfriends or boyfriends with whom he engages in sexual relations as a condition of community control. In his Fifth Assignment of Error, appellant argues that the trial court erred in imposing a restriction that he not engage in the purchase or sale of used property as a condition of community control. Because the issues are interrelated we shall address them together.
 {¶ 47} In examining the reasonableness of conditions imposed as part of a defendant's probation for a felony violation, the Ohio Supreme Court noted in State v. Jones (1990),49 Ohio St.3d 51, 52-53, 550 N.E.2d 469, that the trial court's discretion is not "limitless" and explained: "In determining whether a condition of probation is related to the `interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." (Citations omitted.)
 {¶ 48} The Ohio Supreme Court recently recognized that the same rationale applies to the imposition of community control sanctions. In State v. Talty, 103 Ohio St.3d 177,814 N.E.2d 1201, 2004-Ohio-4888, the court determined that the trial court's imposition of an antiprocreation order on the defendant for failure to pay child support was overbroad. In reaching this decision, the court reasoned:
 {¶ 49} "* * * the trial court in the instant case did not allow for suspending the procreation ban if Talty fulfilled his child-support obligations. Indeed, the trial court cited Talty's rehabilitation and the avoidance of future violations as the reasons for imposing the condition. In view of these objects, however, the antiprocreation condition is, by any objective measure, overbroad; it restricts Talty's right to procreate without providing a mechanism by which the prohibition can be lifted if the relevant conduct should change."
 {¶ 50} In the instant matter, appellant was convicted of receiving stolen property. As such, the condition of appellant's community control at issue cannot satisfy the test set forth inJones. That is, with the record before this Court, there is no relationship between appellant's conviction for receiving stolen property and a prohibition regarding sexual relations. Accordingly, this sanction is overbroad and unreasonable.
 {¶ 51} Appellant's Fourth Assignment of Error is sustained.
 {¶ 52} With respect to the condition that appellant not engage in the purchase or sale of used property, there is little doubt that the condition is reasonably related to rehabilitating the offender and relates to conduct regarding future criminality. However, we find the prohibition to be overbroad because it does not provide a mechanism by which the prohibition can be lifted if the relevant conduct should involve a legitimate purchase. In other words under the prohibition imposed by the trial court, the appellant could not purchase a used car, used clothing or other necessities.
 {¶ 53} Although we do not determine whether a mechanism that allowed the prohibition to be lifted or supervised by the probation department would have rendered the condition valid under Jones, such a mechanism would have been, at the very least, an easy alternative that would have better accommodated appellant's ability to obtain used property for a legitimate purpose at de minimis costs to the legitimate community control interests of rehabilitation and avoiding future criminality.Talty, supra at 182, 2004-Ohio-488 ¶ 21, 814 N.E.2d 1205.
 {¶ 54} To that extent appellant's Fifth Assignment of Error is sustained.
 {¶ 55} Accordingly, the October 31, 2005 sentence of the Richland County Court of Common Pleas is vacated and this case is remanded to the trial court for re-sentencing.
By Gwin, J., Wise, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the October 31, 2005 sentence of the Richland County Court of Common Pleas is vacated and this case is remanded to the trial court for re-sentencing. Costs to appellee.