The STATE of Ohio, Appellee,

v.

BREASTON, Appellant.

[Cite as *State v. Breaston* (1993), 83 Ohio App.3d 410.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1448.

Decided March 30, 1993.

*Michael Miller,* Franklin County Prosecuting Attorney, and *Joyce S. Anderson,* Assistant Prosecuting Attorney, for appellee.

*Vivyan, Graeff, Rigg & Schneider* and *David J. Graeff,* for appellant.

---

WHITESIDE, Judge.

Defendant-appellant, Ronald L. Breaston ("defendant"), appeals from a judgment of the Franklin County Court of Common Pleas upon a jury verdict finding him guilty of the crime of carrying a concealed weapon, a felony of the third degree.

Defendant was arrested by a Columbus police officer, who observed defendant driving his Chevrolet Blazer truck at a slow speed and erratically in that he was weaving within lanes and out of lanes. When the vehicle was stopped, the officers observed an open container of beer between the driver's seat and the passenger's seat. Defendant was arrested for this offense. Thereupon, an "inventory" search of the vehicle was conducted. The officers found three rifle slugs in the unlocked glove compartment. In the back seat under a pile of clothes, the officers found a gun in good operating condition, which the slugs fit, the gun being a 20-gauge Mossberg.

In support of his appeal, defendant raises a single assignment of error, as follows:

"When the jury instructions require the jury to make a factual finding, and the verdict is returned without said factual finding, the resulting verdict is insufficient as a matter of law to uphold the conviction."

R.C. 2923.12(A) provides that: "No person shall knowingly carry or have, concealed on his person or concealed ready at hand, any deadly weapon or dangerous ordnance." However, R.C. 2923.12(D) initially provides that: "Whoever violates this section is guilty of carrying concealed weapons, a misdemeanor of the first degree." Defendant raises no issue as to whether he is guilty of the misdemeanor defense of carrying a concealed weapon. Rather, he contends that he should not have been found guilty of a third degree felony offense for carrying the concealed weapon. This contention arises from the provision of R.C. 2923.-12(D) which provides for enhancement of the degree of the offense if a loaded firearm is involved, by the following language:

" * * * [I]f the weapon involved is a firearm which is either loaded or for which the offender has ammunition ready at hand, * * * then carrying concealed weapons is a felony of the third degree."

Defendant contends that this additional element, making the offense a felony rather than a misdemeanor, is an additional factual issue which the jury must separately determine in order to enhance the degree of the offense from a first degree misdemeanor to a third degree felony.

The indictment properly charged defendant with a violation of R.C. 2923.12 in that he "did knowingly carry or have, concealed on his person or concealed ready at hand, a deadly weapon, to wit: a shotgun, where the said weapon involved was a firearm which was loaded or for which * * * [defendant] had ammunition ready at hand * * *." Unfortunately, the verdict form submitted to the jury did not include the language of the indictment. Instead, the verdict form given to the jury reads only, as follows:

"We, the Jury, in this case, find the defendant Ronald L. Breaston guilty of Carrying a Concealed Weapon as he stands charged in Count One of the Indictment."

The evidence permits no other conclusion but that defendant did, in fact, have a concealed weapon in violation of R.C. 2923.12(A). This is all the jury was required to find by the verdict form. The evidence indicates that the shotgun was not loaded since the police officer testified that it was not. Therefore, the issue as to whether the degree of the offense was a misdemeanor or a felony revolved upon whether ammunition for the shotgun was "ready at hand" within the contemplation of the statute. This was an issue upon which reasonable minds could differ under the evidence adduced. However, the jury was given no opportunity to make this distinction. Instead, the only finding required of the jury was that defendant possessed the concealed weapon.

Defendant did testify in his own defense. He admitted owning the shotgun and that it was in a gun sleeve in the back seat. He contended that the gun was lying in the back seat under some clothing but not concealed. He also admitted that there were shotgun shells in the glove department. In addition, he stated that, in order to get the shotgun, he would have had to get out of the automobile, pull the seat back forward, and reach to the rear seat to get the gun. R.C. 2945.75(A) provides, in pertinent part, that:

"When the presence of one or more additional elements makes an offense one of more serious degree:

"(1) The * * * indictment * * * shall state the degree of the offense * * * or shall allege such additional element or elements * * *.

"(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."

Here, in the verdict portion of the verdict form signed by the jury, neither the degree of the offense nor the additional elements are mentioned as being necessary to be found by the jury. We do note that, in the caption on the verdict form, there does appear "(F–3)." This, however, is insufficient to comply with the mandatory requirement of R.C. 2945.75(A)(2), *supra.*

■ It has been held that noncompliance with R.C. 2945.75(A)(2) may not constitute reversible error if the verdicts incorporate the language of the indictment, the evidence is overwhelming that the additional element is present, and there has been no objection at trial. See *State v. Woods* (1982), 8 Ohio App.3d 56, 8 OBR 87, 455 N.E.2d 1289. The state contends that we should similarly find no prejudicial error in this case. While the defendant ordinarily is required to call to the attention of the trial court error in the proceedings, there is also a duty upon the prosecutor to call error to the attention of the trial court where the error affects the degree of the offense, and the verdict form indicates a finding of guilt only of the least degree of the offense charged. If the prosecution desires that the guilty verdict be of a higher degree than would be permitted by application of R.C. 2945.75(A)(2) to the verdict form, it is incumbent upon the prosecution to call the error to the attention of the trial court since the error prejudices the prosecution, not the defendant. In other words, under R.C. 2945.75(A)(2), a verdict form such as utilized in this case permits a finding of guilt of only the least degree of the offense charged. This is not a case of error but, instead, a case of the degree of the offense of which the defendant was convicted.

■ This court has previously held that a verdict such as is herein involved is a conviction only of the least degree of the offense. *State v. Griffin* (Nov. 4, 1980), Franklin App. No. 80AP–311, unreported. We see no reason to deviate from our determination in *Griffin* as to the application of R.C. 2945.75(A)(2). The *Woods* court distinguished our decision in *Griffin* upon the bases that, in *Woods,* the indictments were incorporated in the verdict form and "because the indictments were read to this jury and the language of the indictments was included in its charge to the jury."

We are unable to distinguish our prior decision in *Griffin* and, accordingly, need not determine whether we would adopt the decision in *Woods* since, as *Woods* indicates, it presented a different question than is presented to us by this case.

The trial court here expressly charged the jury that, if they found beyond a reasonable doubt that defendant knowingly carried or had concealed ready at hand a deadly weapon, they could find him guilty of the offense of carrying a concealed weapon. The court then did additionally charge the jury:

"If your verdict is guilty of carrying concealed weapons, you must also determine the additional factor of whether the state has proven beyond a reasonable doubt that the deadly weapon one was a firearm which was loaded or a firearm for which the defendant had ammunition ready at hand."

Unfortunately, the trial court afforded the jury no means of making this additional determination, and the state failed to call this omission to the attention of the trial court. The verdict form submitted to the jury permits a finding only that the defendant was guilty of carrying a concealed weapon. It afforded no opportunity for the jury to determine whether or not the additional element of whether the deadly weapon, admittedly a firearm, was loaded or whether defendant had ammunition ready at hand. Under such circumstances, the jury verdict is guilt of only the least degree of the offense, as specifically provided in R.C. 2945.75(A)(2), which is binding upon the trial court and this court. The trial court should have sentenced defendant only for a first degree misdemeanor. To this extent, the assignment of error is well taken.

For the foregoing reasons, the assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is affirmed as to the finding of guilt of the offense of carrying a concealed weapon but is reversed as to the sentence imposed, and this cause is remanded to that court for resentencing for a first degree misdemeanor in accordance with R.C. 2923.12 and 2945.75(A)(2).

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

JOHN C. YOUNG and REILLY, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.