[Cite as *State v. Sims*, 2023-Ohio-4711.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


|                              |   |                                              |
|------------------------------|---|----------------------------------------------|
| STATE OF OHIO,               | : | APPEAL NO. C-230274                          |
|                              |   | TRIAL NO.  B-2200312                         |
| Plaintiff-Appellee,          | : |                                              |
|                              |   | *O P I N I O N.*                             |
| vs.                          | : |                                              |
|                              |   |                                              |
| BRANDEN SIMS,                | : |                                              |
|                              |   |                                              |
| Defendant-Appellant.         | : |                                              |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: December 27, 2023


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Derek W. Gustafson*, for Defendant-Appellant.

**KINSLEY, Judge.**

{¶1} Ohio law criminalizes driving under the influence ("DUI") in degrees. First-time offenses are treated as misdemeanors, while habitual drunk driving results in more serious treatment as a felony. What happens when a jury finds the defendant guilty of driving while intoxicated, but does not specify that it is convicting the defendant of the felony version of DUI? Is the defendant guilty of just a misdemeanor? Or is a stipulation that he had a prior DUI conviction sufficient to replace a specific jury finding that the defendant committed a felony DUI? Defendant-appellant Branden Sims squarely raises these questions in his appeal. Sims stipulated with the prosecution that he had a prior DUI conviction that, if found by the jury, would have elevated his misdemeanor DUI charge to a felony. But the jury did not make a finding of a prior conviction on its verdict form and did not otherwise find him guilty of a felony DUI.

{¶2} For the reasons that follow, we hold that, pursuant to R.C. 2945.75(A)(2), a conviction for DUI under R.C. 4511.19(A)(1)(a) or (A)(2) is a misdemeanor of the first degree unless the verdict form either contains a factual finding of a previous felony DUI conviction or specifies that the defendant is guilty of a third-degree felony. Because the verdict form in Sims's case did not meet either standard, the jury necessarily found Sims guilty of a first-degree misdemeanor and not the third-degree felony for which the trial court sentenced him. We accordingly reverse Sims's felony conviction and remand the cause to the trial court with instructions to enter a judgment of conviction against Sims for a first-degree misdemeanor and for resentencing in accordance with this opinion.

### *Factual and Procedural Background*

{¶3}     On January 27, 2022, Sims was indicted on two counts of DUI.  The first count alleged that he drove while under the influence of alcohol and/or drugs in violation of R.C. 4511.19(A)(1)(a).  The second count alleged that Sims operated a vehicle while under the influence, refused to submit to chemical tests to assess whether he had drugs and/or alcohol in his system, and had a prior DUI conviction within the last 20 years.  This count was brought under R.C. 4511.19(A)(2).  Both counts arose from a single traffic incident.

{¶4}     Sims tried his case to a jury.  At the beginning of the trial, the prosecutor read into evidence a stipulation reached by the parties:

> This document is titled "Joint Stipulation of Defendant's Prior Conviction for Felony Violation of ORC 4511.19(A)."
>
> It reads: State of Ohio versus Branden Sims. Now comes the State of Ohio by and through the undersigned assistant prosecuting attorney, myself, and the defendant Branden Sims by and through his undersigned attorney Mr. Richard Guinan, stipulate that the following facts are true beyond a reasonable doubt.
>
> As of January 9th, 2022, the defendant in this case, Branden Sims, had been previously convicted of or pled guilty to a violation of Division A of the Ohio Revised Code Section 4511.19 that was a felony in the Hamilton County Court of Common Pleas under Case Number B1703351 on September 12, 2018.

{¶5}     A written copy of the stipulation was entered into evidence.

{¶6}     Deputy James Whitacre of the Hamilton County Sheriff's Office also testified.  Whitacre indicated that he was on routine patrol in a parking lot when he

3

observed Sims make a prohibited right turn. As Whitacre described, he pulled out to follow Sims, who then made a U-turn. Whitacre followed, turned on his overhead lights, and added his siren "chirp," but Sims did not stop. According to Whitacre, Sims drove through an intersection, waited at a red light, turned into a residential area, and then pulled into a driveway.

{¶7} Whitacre testified that, as Sims then got out of the car, he was unsteady on his feet and smelled of alcohol. Whitacre further testified that he attempted to administer a field sobriety test, but Sims was disoriented and could not follow along. Sims was then placed under arrest and taken to the police station for a breath test. The machine malfunctioned during the first test, and, as Whitacre relayed, Sims refused the second test. Whitacre testified that Sims was unable to control his urination during his interview at the station.

{¶8} At the conclusion of the evidence, the jury found Sims guilty of two counts of DUI. As to count one, the verdict form indicated the jury's verdict of guilty under R.C. 4511.19(A)(1)(a). As to count two, the verdict form stated as follows: "We, the Jury, hereby find the Defendant BRANDEN SIMS **GUILTY** of OPERATING A MOTOR VEHICLE UNDER THE INFLUENCE OF ALCOHOL, Ohio Revised Code R.C. 4511.19(A)(2) as charged in Count Two of the Indictment." The jury made no further findings.

{¶9} On May 5, 2023, the trial court sentenced Sims to 36 months in prison on each count and ordered the sentences to be served concurrently. It suspended Sims's driver's license for life.

{¶10} Sims now appeals.

4

### *R.C. 2945.75(A)(2) Verdict Form*

{¶11}  In his first assignment of error, Sims alleges that the trial court committed plain error by entering a judgment of conviction on counts one and two as felonies of the third degree in the absence of a finding by the jury that enhanced his conviction beyond a first-degree misdemeanor.  Sims raises the argument under the plain error standard because his attorney did not object to either the wording of the verdict forms or the entry of judgment before the trial court.

{¶12}  R.C. 2945.75(A) provides:

When the presence of one or more additional elements makes an offense one of more serious degree:

* * *

> (2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

{¶13}  Over time, the Ohio Supreme Court has strictly construed this statute. First, in *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, ¶ 12, the court held that the statute is clear, complete, and imposes no unreasonable burden on trial courts or attorneys.  The court determined that neither the reference to the indictment in a verdict form nor overwhelming evidence establishing the presence of an aggravating element could overcome compliance with R.C. 2945.75(A)(2) in the verdict form.  *Id.* at ¶ 1, 14.  Pelfrey had not raised the issue at trial, but the Ohio Supreme Court reached its merits nonetheless, following the court of appeals' finding that the issue was not waived.  *Id.* at ¶ 5, 12.  Because the verdict form in Pelfrey's case

5

did not state an aggravating factor or that the jury was convicting him of a felony offense, the court accordingly reversed Pelfrey's felony conviction and remanded the matter for entry of a misdemeanor conviction in accordance with the statute. *Id*. at ¶ 15.

{¶14} Next, the Ohio Supreme Court considered the jury's failure to determine which drug a defendant possessed, and thus the level of the offense, in its verdict form in *State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, 970 N.E.2d 891. In *Eafford*, the indictment charged the defendant with possession of cocaine, and the trial court instructed the jury that it could only convict the defendant if it determined he had in fact possessed cocaine. *Id*. at ¶ 2. Under these circumstances, the Ohio Supreme Court determined that convicting the defendant of a felony rather than a misdemeanor was not plain error, even though the verdict form failed to specify the level of the offense or an aggravating factor for misdemeanor drug possession. *Id*. at ¶ 17-18. Departing from *Pelfrey*, the court held that more stringent plain error review was required because Eafford had not raised the verdict form issue below. *Id*. at ¶ 11.

{¶15} *Pelfrey* and *Eafford* are admittedly difficult to square, because they reach opposite conclusions about both the universe of material to consider in applying R.C. 2945.75(A)(2) and the role of plain error review in assessing alleged errors under the statute. On the one hand, *Pelfrey* suggests that strict compliance with the statute is required and that reference to the indictment or other sources of information beyond the verdict form cannot be used to elevate a misdemeanor to a felony where the jury did not explicitly make the required findings. *Pelfrey* at ¶ 1, 14. On the other hand, *Eafford* strikes a more permissive approach, considering reference to both the indictment and the jury instructions in determining compliance with R.C.

2945.75(A)(2). *Eafford* at ¶ 17-18. *Eafford* mandates plain error review. *Eafford* at ¶ 11. *Pelfrey* does not. *Pelfrey* at ¶ 5, 12.

{¶16} To the extent *Pelfrey* and *Eafford* conflict, however, the Ohio Supreme Court conclusively resolved all confusion in *State v. McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, 1 N.E.3d 374. In returning to a strict compliance framework in all cases involving R.C. 2945.75(A)(2), the *McDonald* court emphasized several key points about the statute. First, "the verdict form itself is the only relevant thing to consider in determining whether the dictates of R.C. 2945.75 have been followed." *Id.* at ¶ 17. Outside materials like an indictment, jury instructions, or the evidence in the case are not relevant to determining whether the jury found the defendant guilty of a misdemeanor or a felony. *Id.* Second, for a jury to convict a defendant of the felony version of an offense that also has a misdemeanor counterpart, the jury cannot use an identical verdict form. "That verdict form and a verdict form supporting a felony cannot be identical; a felony verdict form—if it does not state the degree of the offense—must state the elements that distinguish it from a misdemeanor offense." *Id.* at ¶ 24. Third, strict compliance with R.C. 2945.75(A)(2) is required. *Id.* at ¶ 14. This means that we need not engage in plain error review when a defendant who failed to object below alleges on appeal that he was improperly convicted of a felony offense absent a verdict form that complies with the mandates of R.C. 2945.75(A)(2).

{¶17} This court explicitly stated as much in *State v. Johnson*, 2016-Ohio-781, 60 N.E.3d 661, ¶ 12 (1st Dist.). In *Johnson*, we rejected the state's argument that a "court may scrutinize the text of the indictment itself and whether it had been incorporated into the verdict form, the bill of particulars, and the evidence adduced at trial to determine if the jury had rendered a verdict in conformity with R.C. 2945.75." *Id.* at ¶ 12, 14. Instead, we held that the verdict form itself must contain either the

7

degree of the offense or a statement that the jury found an aggravating element to enable the trial court to enter judgment beyond the base statutory offense level. *Id.* at ¶ 14. This court has therefore followed the *McDonald* framework.

{¶18} Applying that law to this case, it is clear that the jury did not convict Sims of a felony in either count one or count two. We initially reject Sims's position that he must demonstrate plain error, given that strict compliance with R.C. 2945.75(A)(2) is required. *Johnson* at ¶ 12. We assess whether the verdict forms at Sims's trial strictly complied with the statute and hold they did not.

{¶19} In count one, Sims was charged with DUI in violation of R.C. 4511.19(A)(1)(a). This offense is generally a misdemeanor of the first degree. *See State v. Savola*, 2020-Ohio-1389, 153 N.E.3d 783, ¶ 8 (8th Dist.). However, under R.C. 4511.19(G)(1)(e), the offense can become a felony of the third degree if the defendant has been previously convicted of another felony DUI. The state concedes that the jury neither made a finding that Sims had a previous felony DUI conviction nor convicted him of a third-degree felony on the verdict form. Thus, the state concedes an error under R.C. 2945.75(A)(2) as to count one. We thus reverse Sims's conviction for a third-degree felony under count one, as Sims could only be convicted of a first-degree misdemeanor for violating R.C. 4511.19(A)(1)(a).

{¶20} With regard to count two, Sims was charged with DUI in violation of R.C. 4511.19(A)(2). This provision criminalizes driving under the influence within 20 years of a prior DUI conviction. Initial convictions under R.C. 4511.19(A)(2) are first-degree misdemeanors. *See* R.C. 4511.19(G)(1)(a). However, a conviction becomes a felony of the third degree if a defendant has been previously convicted of a felony DUI. *See* R.C. 4511.19(G)(1)(e).

{¶21} Here, Sims and the state stipulated to such a conviction. The prosecutor read the stipulation into the record, and the written document was entered into evidence. But the verdict form did not contain a jury finding as to Sims's prior conviction, nor did it explicitly find Sims guilty of the third-degree-felony form of the offense under R.C. 4511.19(G)(1)(e).

{¶22} Unlike its approach as to count one, the state advances a number of arguments to overcome the absence of these required findings. First, the state contends that the stipulation fills in the gaps in the jury's finding. Because the parties agreed that Sims had previously been convicted of a felony DUI, the state contends that the aggravating statutory element was met and need not be specifically found by the jury in its verdict form.

{¶23} There are several problems with this argument. For one thing, *McDonald* and *Johnson* are clear that we cannot look outside the verdict form itself to assess compliance with R.C. 2945.75(A)(2). To this end, the verdict form is the only thing that matters. That form's silence as to Sims's prior felony DUI conviction cannot be undone by reference to the stipulation. Moreover, because a defendant is entitled to a jury finding as to elements that aggravate the level of felony, merely stipulating to a fact cannot supplant the important role the jury's determination plays in assessing a defendant's innocence or guilt. *See, e.g., State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶24} In arguing otherwise, both the state and the dissent look to the Eighth District's opinion in *State v. Kilbane*, 8th Dist. Cuyahoga No. 99485, 2014-Ohio-1228, *appeal not accepted*, 140 Ohio St.3d 1415, 2014-Ohio-3785, 15 N.E.3d 884, to support consideration of material outside the jury's verdict form. But *Kilbane* is both factually and legally inapposite. The defendant in *Kilbane* was convicted of two counts of third-

degree felony DUI under R.C. 4511.19(A)(1)(a) and (A)(1)(d), both of which require proof of a prior felony DUI conviction. *Id*. at ¶ 2, 7. In reaching its verdict, the jury made a factual finding on each count that Kilbane had previously been convicted of DUI, citing both the case number and date of the prior conviction on the verdict form. *Id*. at ¶ 7, 16. On appeal, Kilbane argued these findings were insufficient under R.C. 2945.75(A)(2) because they omitted the word "felony," and a prior felony DUI conviction is required to enhance a current conviction from a misdemeanor to a third-degree felony. *Id*. at ¶ 8. Thus, unlike the appeal before us, the legal question in *Kilbane* was not *whether* the jury made the required factual finding in the first place, but *what* the factual finding made by the jury actually meant.

{¶25} In rejecting Kilbane's insufficiency argument, the Eighth District held that the verdict forms, standing alone, complied with R.C. 2945.75(A)(2), noting: "The verdict forms at issue contain 'further findings' that expressly required the jury to find that the aggravating element was present." *Id*. at ¶ 16. It further construed the reference in the verdict forms to the felony DUI's case number as synonymous with the term "felony." *Id*. In resolving the question on appeal as to what the jury meant by its factual finding, the court in *Kilbane* consulted materials beyond the verdict form, including the jury instructions and Kilbane's lack of an objection as to the felony nature of his prior conviction. *Id*. But it did so only to the extent necessary to understand what the jury found in its verdict, not to otherwise fill in the absence of a factual finding. As a result, we do not read *Kilbane* to endorse review of information outside the verdict form where, as here, the jury has made no factual finding at all, although such outside consultation may be appropriate when determining the adequacy of an existing jury finding.

{¶26} Next, the state argues that the language of R.C. 4511.19(A)(2) contains the aggravating element and that the jury therefore need not find any additional element to convict Sims of a third-degree felony. This is not a plausible reading of the law. While the (A)(2) subsection does generally require a prior conviction, a general violation of R.C. 4511.19(A)(2) is still a first-degree misdemeanor. *See* R.C. 4511.19(G)(1)(a). In other words, the statute is not self-aggravating, as the state contends. Rather, the state must prove a specific prior conviction in order to enhance the base level of conviction from a misdemeanor to a felony. *See, e.g.,* R.C. 4511.19(G)(1)(e) (elevating a violation of R.C. 4511.19(A)(2) from a misdemeanor to a felony where defendant has previously been convicted of a felony DUI).

{¶27} Thus, applying *McDonald*, *Johnson*, and R.C. 2945.75(A)(2), the jury's verdict form as to count two did not strictly comply with the statute. It failed to contain the aggravating element of a prior felony DUI conviction under R.C. 4511.19(G)(1)(e), and it did not otherwise indicate that the jury was convicting Sims of a third-degree felony. As a result, under R.C. 2945.75(A)(2), Sims could only be convicted of a first-degree misdemeanor, the base level of offense for DUI violations under the statute with which he was charged in count two. We accordingly reverse his felony conviction and remand the matter to the trial court for entry of a first-degree misdemeanor conviction under R.C. 4511.19(G)(1)(a).

{¶28} We agree with the dissent that the application of R.C. 2945.75(A)(2) and *McDonald* to a case where the defendant's prior DUI conviction was not in doubt may seem unsatisfying. Nonetheless, we are bound to follow the clear precedent of *McDonald* and *Johnson* that it is the verdict form—and the verdict form alone—that counts in determining a jury's findings. And we are also cognizant of a defendant's Sixth Amendment right to a jury finding on elements that elevate a sentence, an

11

important principle at play here in addition to a defendant's statutory rights under R.C. 2945.75. *See, e.g., Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, 1 N.E.3d 374, at ¶ 26 (Lanzinger, J., concurring). Sims invoked his right to a jury trial, and that includes the right to a jury finding of his prior conviction, with or without a stipulation.

{¶29} Because the jury's verdict form in Sims's case convicted Sims of the misdemeanor version of DUI for both counts one and two, the trial court could only enter judgment as to a first-degree misdemeanor on both counts. Sims's felony convictions on counts one and two are accordingly reversed, and this cause is remanded to the trial court with instructions to amend its judgment to reflect that Sims is guilty of first-degree misdemeanor on each count. The first assignment of error is accordingly sustained.

### *Allied Offenses*

{¶30} In his second assignment of error, Sims first contends that the trial court committed plain error by failing to merge counts one and two, which he argues are allied offenses, at sentencing. The state concedes the error.

{¶31} Pursuant to *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31, offenses are not allied offenses of similar import if the answer to any one of the following questions is in the affirmative: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?" Separate convictions with separate sentences are permitted if the court affirmatively answers any of the three questions. *See State v. Zeigler*, 2017-Ohio-7673, 97 N.E.3d 994, ¶ 20, 22 (1st Dist.).

{¶32} Sims's two counts of driving under the influence were not dissimilar in import or significance, were not committed separately, and did not have a separate

animus or motivation. As the state concedes, Sims could accordingly only be sentenced for one count of DUI. The trial court committed plain error by sentencing him on both counts.

**{¶33}** We therefore sustain this portion of Sims' second assignment of error and remand the matter for resentencing on one, but not both counts, of first-degree misdemeanor DUI. On remand, the state should elect a count on which to proceed at sentencing.

### *Ineffective Assistance of Counsel*

**{¶34}** Sims also alleges in his second assignment of error that his trial attorney was ineffective for failing to object to the imposition of sentences on both counts. Because we find plain error in the trial court's failure to merge the counts, this issue is moot, and we do not address it.

### *Conclusion*

**{¶35}** Because the jury's verdict form did not contain either the level of the offense or a finding of a prior felony DUI conviction, Sims could only be convicted of first-degree misdemeanors under R.C. 2945.75(A)(2). We therefore reverse Sims's felony DUI convictions and remand the matter to the trial court to enter judgment and resentence Sims accordingly. We similarly reverse Sims's sentences as to counts one and two, which are allied offenses that should have merged at sentencing. On remand, the state should elect a count on which to proceed at sentencing.

Judgment reversed and cause remanded.

CROUSE, P.J., concurs.
WINKLER, J., concurs in part and dissents in part.

**WINKLER, J.,** concurring in part and dissenting in part,

{¶36} This case illustrates the ongoing struggle for litigants and appellate courts in applying R.C. 2945.75(A)(2) and the Ohio Supreme Court cases interpreting it. The majority's holding that the trial court failed to comply with R.C. 2945.75(A)(2) in this case leads to an inequitable result and stands in direct conflict with another Ohio appellate case relied upon by the state, *State v. Kilbane*, 8th Dist. Cuyahoga No. 99485, 2014-Ohio-1228, *appeal not accepted*, 140 Ohio St.3d 1415, 2014-Ohio-3785, 15 N.E.3d 884. Ultimately, I would follow *Kilbane* in this case and hold that the trial court did not err under R.C. 2945.75(A)(2) in convicting Sims of a third-degree felony OVI. I would also certify a conflict between the decision reached by the majority in this case and *Kilbane* to the Ohio Supreme Court under Article IV, Section 3(B)(4) of the Ohio Constitution.

{¶37} The Ohio Supreme Court confronted R.C. 2945.75(A)(2) in a series of cases: *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, *State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, 970 N.E.2d 891, and *State v. McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, 1 N.E.3d 374. In *Pelfrey*, the court seemed to suggest that a trial court must strictly comply with R.C. 2945.75(A)(2), and that the failure to strictly comply with the statute will result in per se reversible error, even where the defendant fails to object to the verdict form. In *Eafford*, the court reviewed the trial court's noncompliance with R.C. 2945.75(A)(2) for plain error under Crim.R. 52(B)—a standard much more familiar to appellate courts. Notably, the *Eafford* opinion never cites to *Pelfrey* or makes any attempt to distinguish it. Finally, in *McDonald*, the court relies on *Pelfrey* and seems to readopt the view that R.C. 2945.75(A)(2) requires strict compliance and that noncompliance will result in per se

reversible error. Once again, the *McDonald* majority opinion does not attempt to distinguish *Eafford* or overrule it.

**{¶38}** The series of Ohio Supreme Court cases interpreting R.C. 2945.75(A)(2) has created confusion for appellate courts faced with challenges made under the statute, especially where the challenges are being made for the first time on appeal. *See Kilbane* at ¶ 17 (noting that appellate courts "have been trying to reconcile the conflicting opinions of *Pelfrey* and *Eafford*"); *State v. Barnette*, 2014-Ohio-5405, 26 N.E.3d 259, ¶ 30 (7th Dist.) ("We agree with the Eighth Appellate District that the holdings in *Pelfrey*, *Eafford*, and *McDonald* offer somewhat conflicting guidance on R.C. 2945.75."); *State v. Duncan*, 3d Dist. Logan No. 8-12-15, 2014-Ohio-2720, ¶ 9-10 (noting the inconsistencies in *Pelfrey*, *Eafford*, and *McDonald*); *State v. Sanders*, 2016-Ohio-7204, 76 N.E.3d 468, ¶ 78 (5th Dist.) (noting that "the outcome in *McDonald* is obviously at odds with that in *Eafford*"); *State v. Henry*, 9th Dist. Summit No. 27758, 2016-Ohio-680, ¶ 22 ("The application of [R.C. 2945.75(A)(2)] has engendered much controversy since the Supreme Court of Ohio has issued [*Pelfrey*, *McDonald*, and *Eafford*]"); *State v. Sanders*, 8th Dist. Cuyahoga No. 107253, 2019-Ohio-1524, ¶ 47 (*Pelfrey*, *Eafford*, and *McDonald* "have led to some confusion regarding what is required to comply with R.C. 2945.75(A)(2) and to what extent a failure to strictly comply with R.C. 2945.75(A)(2) is subject to a plain-error analysis[.]").

**{¶39}** The inconsistencies in the cases applying R.C. 2945.75(A)(2) become readily apparent in Sims's appeal. Following *Pelfrey* in this case, as the majority does, leads to an unjust result and requires an implicit determination by an inferior appellate court that *Eafford* is no longer good law. Following *Eafford* however, as I

would, leads to a just result that reflects the realities of Sims's indictment, trial stipulation, jury instructions, and the jury's verdict.

{¶40} Sims was indicted in count 2 with a third-degree felony OVI under R.C. 4511.19(A)(2) based on a prior felony OVI conviction. The trial proceeded with Sims stipulating to the prior felony OVI conviction. As to the jury instructions on count 2, the jury was instructed by the trial court that Sims's prior OVI felony conviction was conclusively established by stipulation. The jury then returned a guilty verdict on count 2, and by doing so, the jury found that Sims had a prior OVI conviction, because a prior conviction is an element of the offense under R.C. 4511.19(A)(2). The only dispute that Sims's appellate counsel now raises is that the jury never specifically found that Sims's prior conviction was a "felony." But, the jury could not find Sims guilty under R.C. 4511.19(A)(2) and also find that Sims had anything other than a prior felony OVI conviction based on the express trial court instruction that Sims and the state "have stipulated that Defendant has been convicted of a felony OVI offense within twenty years." This is not a case where the trial court could not tell from the verdict form what the jury intended in finding Sims guilty. Therefore, strictly applying R.C. 2945.75(A)(2) to this case without any showing of plain error leads to the unjust result that Sims committed first-degree misdemeanor OVI under R.C. 4511.19(A)(2). *See* R.C. 1.47(C) ("In enacting a statute, it is presumed that [a] just and reasonable result is intended[.]").

{¶41} Sims's case is on point with *State v. Kilbane*, 8th Dist. Cuyahoga No. 99485, 2014-Ohio-1228. In *Kilbane*, the defendant was charged with two counts of OVI under R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(d). Both counts in the indictment referenced that the defendant had been previously convicted of felony OVI, which elevated the OVI charges to third-degree felonies. The jury returned guilty verdicts on

16

both counts. The verdict forms contained an explicit finding by the jury that the defendant had been previously convicted of an OVI offense, but the verdict forms did not specify that the prior conviction was a felony. The *Kilbane* court relied on *Eafford* and held that the verdict forms did not rise to the level of plain error under R.C. 2945.75(A)(2), because of the absence of the single word "felony." The *Kilbane* court noted that the defendant had admitted to having a prior felony conviction under R.C. 4511.19, and the court noted the jury was expressly instructed as to the felony nature of the defendant's prior OVI conviction.

{¶42} I would follow *Kilbane* in this case because I do not believe the trial court erred under R.C. 2945.75(A)(2) in convicting Sims of third-degree felony OVI under R.C. 4511.19(A)(2). The majority's holding that Sims must be convicted of a first-degree misdemeanor OVI defies every aspect of what actually occurred at the trial-court level, including the indictment against Sims, the specific stipulation by the parties, the jury's instructions regarding that stipulation, and ultimately the jury's verdict. Therefore, I respectfully dissent from the portion of the majority's opinion holding that Sims must be convicted of first-degree misdemeanor OVI under count 2. I concur in the majority's holding that Sims's OVI convictions in count 1 and count 2 are allied offenses of similar import that should have been merged by the trial court.

Please note:

   The court has recorded its own entry on the date of the release of this opinion.