[Cite as *State v. Sims*, 2024-Ohio-5829.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-230274 |
|  |  | TRIAL NO. | B-2200312 |
| Plaintiff-Appellee, | : |  |  |
|  |  |  |  |
| vs. | : |  |  |
|  |  | *O P I N I O N* |  |
| BRANDEN SIMS, | : |  |  |
|  |  |  |  |
| Defendant-Appellant. | : |  |  |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: December 13, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Derek W. Gustafson*, for Defendant-Appellant.

**KINSLEY, Judge.**

{¶1} What language must a jury verdict form contain to convict a defendant of a felony driving-under-the-influence offense ("DUI") when DUI can be either a misdemeanor or a felony? We initially answered that question by holding that R.C. 2945.75(A)(2) requires the verdict form to either contain a factual finding of a previous felony DUI conviction or to specify that the defendant is guilty of a third-degree felony to elevate the offense from a first-degree misdemeanor. *See State v. Sims*, 2023-Ohio-4711, ¶ 2 (1st Dist.) ("*Sims I*"). Because the verdict forms in Sims's case lacked that language, we reversed Sims's felony DUI convictions and remanded the cause to the trial court to enter judgment and to sentence him accordingly. *Id.*

{¶2} The Ohio Supreme Court, however, summarily reversed our opinion and remanded the cause to us to reconsider Sims's appeal in light of its decision in *State v. Mays*, 2024-Ohio-4616. *See State v. Sims*, 2024-Ohio-5175. In *Mays*, the Ohio Supreme Court concluded that a verdict form may comply with R.C. 2945.75(A)(2) by referencing a statutory section that enhances a misdemeanor to a felony, even if the verdict form does not itself include the felony level in its terms. *Mays* at ¶ 15-17. In dicta, the Court also advised that R.C. 2945.75(A)(2) errors are largely subject to plain-error review. *Id.* at ¶ 23. In discussing the contours of plain-error analysis, it highlighted that the defendant has the burden to object to an error on a verdict form that results in a greater punishment, whereas errors resulting in a lesser punishment are the State's burden to correct. *Id.* at ¶ 25.

{¶3} Having thoroughly reviewed *Mays* and considered its application to Sims's appeal, we conclude, as we did before, that the verdict forms in Sims's case lack the requisite language to elevate his DUI offenses from first-degree misdemeanors to felonies. This is so because the verdict forms referenced statutory sections that solely

describe criminal conduct, rather than an offense level. We also conclude that the State, rather than Sims, bore the burden of objecting to the error, as the lack of felony reference in the verdict forms prejudiced the State rather than Sims. *See id.*, citing *State v. Lacey*, 2006-Ohio-4290, ¶ 33-34 (5th Dist.). Accordingly, we conclude that plain-error review is inappropriate in this case.

{**¶4**} Applying *Mays*, we therefore again reverse Sims's felony DUI convictions and remand the cause to the trial court with instructions to enter a judgment of conviction for first-degree misdemeanors and to resentence Sims as permitted by law.

### *Factual and Procedural History*

{**¶5**} We described the facts of Sims's case in *Sims I* as follows:

On January 27, 2022, Sims was indicted on two counts of DUI. The first count alleged that he drove while under the influence of alcohol and/or drugs in violation of R.C. 4511.19(A)(1)(a). The second count alleged that Sims operated a vehicle while under the influence, refused to submit to chemical tests to assess whether he had drugs and/or alcohol in his system, and had a prior DUI conviction within the last 20 years. This count was brought under R.C. 4511.19(A)(2). Both counts arose from a single traffic incident.

Sims tried his case to a jury. At the beginning of the trial, the prosecutor read into evidence a stipulation reached by the parties:

This document is titled "Joint Stipulation of Defendant's Prior Conviction for Felony Violation of ORC 4511.19(A)." It reads: State of Ohio versus Branden Sims. Now comes the State of Ohio by and through the undersigned assistant prosecuting attorney, myself, and the defendant

3

Branden Sims by and through his undersigned attorney Mr. Richard Guinan, stipulate that the following facts are true beyond a reasonable doubt.

As of January 9th, 2022, the defendant in this case, Branden Sims, had been previously convicted of or pled guilty to a violation of Division A of the Ohio Revised Code Section 4511.19 that was a felony in the Hamilton County Court of Common Pleas under Case Number B1703351 on September 12, 2018.

A written copy of the stipulation was entered into evidence.

Deputy James Whitacre of the Hamilton County Sheriff's Office also testified. Whitacre indicated that he was on routine patrol in a parking lot when he observed Sims make a prohibited right turn. As Whitacre described, he pulled out to follow Sims, who then made a U-turn. Whitacre followed, turned on his overhead lights, and added his siren "chirp," but Sims did not stop. According to Whitacre, Sims drove through an intersection, waited at a red light, turned into a residential area, and then pulled into a driveway.

Whitacre testified that, as Sims then got out of the car, he was unsteady on his feet and smelled of alcohol. Whitacre further testified that he attempted to administer a field sobriety test, but Sims was disoriented and could not follow along. Sims was then placed under arrest and taken to the police station for a breath test. The machine malfunctioned during the first test, and, as Whitacre relayed, Sims

refused the second test. Whitacre testified that Sims was unable to control his urination during his interview at the station.

At the conclusion of the evidence, the jury found Sims guilty of two counts of DUI. As to count one, the verdict form indicated the jury's verdict of guilty under R.C. 4511.19(A)(1)(a). As to count two, the verdict form stated as follows: "We, the Jury, hereby find the Defendant BRANDEN SIMS **GUILTY** of OPERATING A MOTOR VEHICLE UNDER THE INFLUENCE OF ALCOHOL, Ohio Revised Code R.C. 4511.19(A)(2) as charged in Count Two of the Indictment." The jury made no further findings.

On May 5, 2023, the trial court sentenced Sims to 36 months in prison on each count and ordered the sentences to be served concurrently. It suspended Sims's driver's license for life.

*Sims I*, 2023-Ohio-4711, ¶ 3-9 (1st Dist.).

**{¶6}** Sims raised two assignments of error in his appeal. First, he contended that the jury's verdict forms were insufficient to elevate his DUI convictions to felonies because they did not specify the level of the offense. *Id.* at ¶ 11. He advanced this argument under the plain error standard, given that he did not object to the language of the verdict forms at trial. *Id.* Second, he argued that the trial court erred in failing to merge his two DUI convictions. He contended that the two counts for which he was found guilty were allied offenses of similar import that should have merged at sentencing. *Id.* at ¶ 30. The state conceded this error. *Id.*

**{¶7}** In *Sims I*, we sustained both of Sims's assignments of error. *Id.* at ¶ 35. We initially rejected Sims's argument that plain error applied to the R.C. 2945.75(A)(2) question, finding instead that strict compliance with the statute is

5

required. *Id*. at ¶ 18. We therefore concluded that, even in the absence of an objection below, Sims could only be convicted of first-degree misdemeanors because the verdict forms did not contain either the level of the offense or a finding that Sims had previously been convicted of a felony DUI. *Id*. We also agreed that Sims's two convictions should have been merged at sentencing. *Id*.

{¶8} One member of the panel dissented from our conclusion under R.C. 2945.75(A)(2). *Id*. at ¶ 36. He would have taken additional information into account outside of the verdict form, including the indictment, the factual stipulation regarding Sims's prior DUI convictions, and the jury instructions, in concluding that the jury in fact convicted Sims of felony DUI. *Id*. at ¶ 42.

{¶9} The State appealed our opinion to the Ohio Supreme Court. On April 16, 2024, the Ohio Supreme Court accepted jurisdiction over this case, but stayed briefing and held the matter pending its decision in *Mays*, 2024-Ohio-4616. Given that posture, it never ordered the record in this matter to be transferred to it and thus never had the actual verdict forms issued by the jury in Sims's case before it.

{¶10} On September 25, 2024, the Ohio Supreme Court decided *Mays*. And on October 31, 2024, it summarily reversed our first opinion in Sims's appeal and remanded the matter to us to apply *Mays*. *See Sims*, 2024-Ohio-5175.

### *Analysis*

{¶11} We now reconsider Sims's two assignments of error.

### *A. R.C. 2945.75(A)(2)*

{¶12} In pertinent part, R.C. 2945.75(A)(2) states as follows:

> When the presence of one or more additional elements makes an
> offense one of more serious degree:
>
> . . .

6

(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

{¶13} As we discussed in *Sims I*, the Ohio Supreme Court has considered the application of R.C. 2945.75(A)(2) a number of times, reaching what might seem to be contradictory results. *Sims I*, 2023-Ohio-4711, at ¶ 13-16 (1st Dist.). First, in *State v. Pelfrey*, 2007-Ohio-256, ¶ 12, the Court determined that neither reference to the indictment in the verdict form nor overwhelming evidence presented by the State to establish an aggravating element constituted compliance with R.C. 2945.75(A)(2). Then, in *State v. Eafford*, 2012-Ohio-2224, ¶ 17-18, the Court held that reference to an indictment in the verdict form was sufficient to state a felony offense, even though the verdict form did not itself describe a felony. *Eafford* also mandated plain error review in R.C. 2945.75(A)(2) cases. *Id.* at ¶ 11. Later, in *State v. McDonald*, 2013-Ohio-5042, ¶ 17, the Court concluded that the R.C. 2945.75(A)(2) inquiry is limited to the four corners of the verdict form and that extraneous information like jury instructions and indictments cannot inform the offense-level inquiry.

### 1. *State v. Mays*

{¶14} The Court in *Mays* resolved some of the tension in the *Pelfrey/Eafford/McDonald* line of cases. For one, the Court sided with *Pelfrey* in concluding that material outside the verdict form—such as the indictment or other documents found in the trial court's record—is irrelevant to the question of what offense level applies. *Mays*, 2024-Ohio-4616, at ¶ 15. It looked strictly to "statements made within [the] verdict form" in assessing the jury's verdict. *Id.* For another, in dicta, the Court "[took] the opportunity to reaffirm [its] holding in *Eafford* that plain-

error analysis does apply when a defendant fails to raise an objection to a verdict form's alleged noncompliance with R.C. 2945.75(A)(2)."[1] *Id.* at ¶ 23. It noted that *Eafford* fully analyzed the question of plain-error review, while *Pelfrey* and *McDonald* were silent on the question. *Id.* It thus determined that *Eafford* was the controlling precedent on the standard of review in R.C. 2945.75(A)(2) cases where a defendant fails to object. *Id.* at ¶ 23-24.

**{¶15}** But it continued its discussion of plain-error review by pointing out that a defendant does not always bear the burden of raising errors with the verdict form to the trial court. *Id.* at ¶ 25. As the *Mays* Court observed, "[w]hen a trial court's error results in a lesser punishment for the defendant and accordingly prejudices the State, the State bears the burden of objecting and calling the trial court's attention to the error." *Id.* But the defendant must object when the verdict form subjects him to a greater punishment to preserve the issue for appellate review. *Id.*

**{¶16}** In drawing this distinction, the Court cited lower court cases emphasizing that the expectation of an objection lies with the party experiencing prejudice. *Id.* In that regard, one such case, *Lacey*, 2006-Ohio-4290, at ¶ 33 (5th Dist.), highlighted the unreasonableness of a rule requiring the defendant to object to mistakes that benefit, rather than, harm him:

> We agree that, ordinarily, failure to object to a jury instruction or verdict form constitutes waiver of any error for appeal. However, the errors that a defendant is required to object to in the trial court are those that prejudice *him.* Here, the verdict form as drawn charged appellant with

---

[1] This part of the Ohio Supreme Court's decision is dicta because it was not necessary to the court's ultimate determination that the verdict form in Mays's case satisfied the requirements of R.C. 2945.75(A)(2). *See Gissiner v. Cincinnati*, 2008-Ohio-3161, ¶ 15 (1st Dist.) (defining dicta as "statements made by a court in an opinion that are not necessary for the resolution of the issues").

a misdemeanor of the first degree. The state would have us conclude that a defendant has a duty to object to his being charged with a misdemeanor and to request, to his detriment, that he be charged with a felony. *A defendant, however, has no duty to ask the state to charge him with a more serious crime or to mete out greater punishment.*

(Cleaned up and emphasis added.) *Id.*

**{¶17}** The Court applied these principles to uphold Mays's felony conviction. Mays had been indicted with, among other offenses, violating a protection order under R.C. 2919.27(A) and (B). *Mays*, 2024-Ohio-4616, at ¶ 2. The evidence presented at trial demonstrated that he had previously been convicted of violating a protection order, making him eligible for a felony conviction under R.C. 2919.27(B)(3). *Id.*

**{¶18}** The jury found Mays guilty at trial. *Id.* Without specifically indicating that Mays had committed the felony version of the offense, its verdict form indicated that Mays had violated R.C. 2919.27(A)(1) and (B)(3). *Id.* The (A)(1) subsection of R.C. 2919.27 defines the conduct that constitutes the offense of violating a protection order. *Id.* at ¶ 13. The (B)(3) subsection sets forth three circumstances under which the crime is a felony. *Id.*

**{¶19}** Looking specifically at the language of the verdict form, the Court concluded that reference to the (B)(3) subsection was sufficient to comply with R.C. 2945.75(A)(2). *Id.* at ¶ 14. Because that provision clearly describes a fifth-degree felony, the jury's reference to that statutory subsection in the verdict form constituted a statement of the offense level. *Id.*

**{¶20}** But even if there was any technical error in the wording of the verdict form, the Court found no plain error in the trial court's ultimate judgment. *Mays*, 2024-Ohio-4616, at ¶ 27. Mays bore the burden of objecting to the verdict form

9

because it incorporated the (B)(3) felony subsection and therefore subjected him to greater punishment. *Id*. at ¶ 26. His failure to object forfeited all but plain error. *Id*. Because Mays's prior conviction for violating a protection order was undisputed, any deviation in the verdict form did not impact his substantial rights. *Id*. at ¶ 27. He therefore suffered no plain error, even if the verdict form could have been more precisely worded. *Id*.

{¶21} With *Mays* in the forefront, we now reconsider our holding in *Sims I*.

## 2. *The Verdict Form*

{¶22} *Mays* instructs us to focus our inquiry under R.C. 2945.75(A)(2) on the verdict forms themselves. And so that is where we begin. In Sims's case, the verdict forms solely reference provisions of the DUI statute that define conduct. One verdict form cites R.C. 4511.19(A)(1)(a), and the other cites R.C. 4511.19(A)(2). Neither of these statutory provisions define an offense level.

{¶23} Rather, both of the statutes cited in Sims's two verdict forms focus on the actions that define a DUI offense. To this end, R.C. 4511.19(A)(1)(a) states:

(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:

(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them.

{¶24} And R.C. 4511.19(A)(2) states:

(2) No person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, a violation of division (A)(1)

10

of this section, or any other equivalent offense shall do both of the following:

(a) Operate any vehicle, streetcar, or trackless trolley within this state while under the influence of alcohol, a drug of abuse, or a combination of them;

(b) Subsequent to being arrested for operating the vehicle, streetcar, or trackless trolley as described in division (A)(2)(a) of this section, being asked by a law enforcement officer to submit to a chemical test or tests under section 4511.191 of the Revised Code, and being advised by the officer in accordance with section 4511.192 of the Revised Code of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests.

**{¶25}** Because the verdict forms in Sims's case only cite to statutes that define a criminal offense, rather than statutes that specify an offense level, the verdict forms are therefore readily distinguishable from those the Ohio Supreme Court considered in *Mays*. Unlike *Mays*, the verdict forms here do not cite to a statutory provision labeling criminal conduct a felony. Nor do they contain other indicia of a felony offense, like identifying the felony itself or the factual basis for a felony enhancement. To the contrary, the verdict forms simply find Sims guilty of a particular form of conduct without specifying the level of offense of that conduct.

**{¶26}** In these circumstances, R.C. 2945.75(A)(2) mandates that the conviction be for the least degree of the charged offense. *Mays*, 2024-Ohio-4616, at ¶ 8. And the least degree of a DUI offense under R.C. 4511.19(A)(1)(a) and (A)(2) is a first-degree misdemeanor. *See* R.C. 4511.19(G)(1)(a).

11

**{¶27}** Applying *Mays*'s plain-error instructions does not change this result. *Mays* makes clear that a defendant need only object to a verdict form that prejudices him by elevating what would otherwise be a misdemeanor to a more serious felony offense. *Id.* at ¶ 25-26. It cites with approval three different lower court cases placing the burden to object to a faulty verdict form that omits the felony enhancement under R.C. 2945.75(A)(2) on the State. *Id.* at ¶ 25, citing *State v. Breaston*, 83 Ohio App.3d 410, 413 (10th Dist. 1993); *Lacey*, 2006-Ohio-4290, at ¶ 33-34 (5th Dist.); *State v. Goodwin*, 2008-Ohio-738, ¶ 21 (9th Dist.).

**{¶28}** *State v. Breaston*, 83 Ohio App.3d 410 (10th Dist. 1993), is particularly helpful in understanding this distinction—and what standard of review applies when the State bears the burden but fails to object. The defendant in *Breaston* was charged with carrying a concealed weapon, a misdemeanor which elevated to a felony of the third degree if the weapon involved was a loaded firearm. *Id.* at 411. Following a jury trial, the jury convicted Breaston of the offense by finding in its verdict form: "We, the Jury, in this case, find the defendant Ronald L. Breaston guilty of Carrying a Concealed Weapon as he stands charged in Count One of the Indictment." *Id.* at 412. Based on this verdict, the trial court entered judgment convicting Breaston of a third-degree felony. *Id.* at 411.

**{¶29}** On appeal, the Tenth District dismissed the State's argument that Breaston waived any error in the wording of the verdict form by failing to object. *Id.* at 413. Instead, the court placed the burden of objecting on the State: "If the prosecution desires that the guilty verdict be of a higher degree than would be permitted by application of R.C. 2945.75(A)(2) to the verdict form, it is incumbent upon the prosecution to call the error to the attention of the trial court since the error prejudices the prosecution, not the defendant." *Id.* Since the State had not objected,

the court described its task on appeal as one of construction rather than error-correction.  *Id.*  It framed that issue "not [as] a case of error, but instead a case of the degree of the offense of which the defendant was convicted."  *Id.*

**{¶30}** The court therefore construed the jury's verdict form under R.C. 2945.75(A)(2).  *Id.* at 414.  It held that the verdict was binding both as to the trial court and on appeal.  *Id.*  Applying R.C. 2945.75(A)(2), it read the verdict form to convict Breaston of the lowest level of the offense of carrying a concealed weapon—a first-degree misdemeanor—given that the verdict form offered the jury no other selection. *Id.*

**{¶31}** The Ohio Supreme Court in *Mays* cited *Breaston* with approval as an example of when the State bears the burden to point out errors in the verdict form. We see Sims's case as analogous to *Breaston.*

**{¶32}** The verdict forms used at Sims's trial referenced no offense level, meaning that R.C. 2945.75(A)(2) limited the offenses for which Sims could be convicted to misdemeanors.  This prejudiced the State, because the State sought to convict Sims of felonies, and it benefitted Sims, because it limited his criminal liability. The State therefore bore the burden of pointing out the flaw in the verdict forms to the trial court.  *See Mays*, 2024-Ohio-4616, at ¶ 25; *Breaston*, 83 Ohio App.3d at 413 (10th Dist. 1993).

**{¶33}** The State, however, did not object, and the jury convicted Sims without making any of the requisite felony findings under either R.C. 2945.75(A)(2) or *Mays.* Our task is therefore to simply construe the jury's verdict under the relevant statute. *Breaston* at 414.

**{¶34}** As we have stated, the jury's verdict forms did not reference the felony section of the DUI statute, nor did they contain felony findings of fact or otherwise

indicate that the jury convicted Sims of the felony variant of DUI. R.C. 2945.75(A)(2) therefore requires that Sims be convicted of the lowest level of the offense, a first-degree misdemeanor. We accordingly sustain Sims's first assignment of error and remand the cause to the trial court with instructions to enter a judgment of conviction against Sims for first-degree misdemeanors and to resentence him as permitted by law.

### Merger

**{¶35}** In his second assignment of error, Sims argues that the trial court erred in failing to merge his two DUI convictions at sentencing, as they are allied offenses of similar import. The state concedes the error.

**{¶36}** We sustained this assignment of error in *Sims I* and remanded the cause to the trial court so that the State could elect a count on which to proceed at sentencing. *Sims I*, 2023-Ohio-4711, at ¶ 30-33 (1st Dist.).

**{¶37}** Nothing in *Mays* alters our analysis with regard to this assignment of error. We accordingly adopt the reasoning set forth in *Sims I* and sustain Sims's second assignment of error for the reasons set forth in that opinion. *Id.* The State should elect one count on which Sims will be sentenced on remand.

**{¶38}** Sims also alleges ineffective assistance of counsel in his second assignment of error. Because we sustain the underlying error regarding merger, his ineffective assistance argument is moot, and we decline to address it.

### Conclusion

**{¶39}** Having reconsidered our opinion in *Sims I*, we again sustain Sims's first assignment of error and remand the cause to the trial court with instructions to modify the judgment of conviction to first-degree misdemeanors rather than felonies. The jury's verdict forms contained no indication that Sims was convicted of the felony

14

versions of DUI, so R.C. 2945.75(A)(2) mandates that he be convicted of the lowest level of the offense. We also sustain Sims's second assignment of error regarding the merger of Sims's two convictions. The State should elect one count on which Sims will be sentenced on remand.

Judgment reversed and cause remanded.

**CROUSE, P.J.,** concurs.
**WINKLER, J.,** concurs in part and dissents in part.

**WINKLER, J.,** concurring in part and dissenting in part,

**{¶40}** Sims's appeal returns to us on remand from the Ohio Supreme Court, which reversed our judgment in *State v. Sims*, 2023-Ohio-4711 (1st Dist.) ("*Sims I*"), and ordered us to apply the Court's decision in *State v. Mays*, 2024-Ohio-4616. *See State v. Sims*, 2024-Ohio-5175.

**{¶41}** The issue in *Sims I*, which remains the issue before us now, is whether the trial court committed plain error in convicting Sims of third-degree felony OVI in Count 2 by failing to comply with R.C. 2945.75(A)(2). In *Sims I*, a majority of the panel held that the trial court must strictly comply with R.C. 2945.75(A)(2), rejecting a plain-error analysis, and determined that the verdict form in Count 2 of Sims's case did not contain the aggravating element of a prior felony DUI conviction, or otherwise indicate the jury's finding of guilt as to a third-degree felony; therefore, Sims could only be convicted of a first-degree misdemeanor OVI. *Sims I*, 2023-Ohio-4711, at ¶ 18, 27.

**{¶42}** In my dissenting opinion in *Sims I*, I followed *State v. Eafford*, 2012-Ohio-2224, and applied a plain-error analysis to conclude that the trial court did not commit plain error under R.C. 2945.75(A)(2) in convicting Sims of third-degree felony OVI. I reasoned as follows:

15

Following *Eafford* however, as I would, leads to a just result that reflects the realities of Sims's indictment, trial stipulation, jury instructions, and the jury's verdict.

Sims was indicted in count 2 with a third-degree felony OVI under R.C. 4511.19(A)(2) based on a prior felony OVI conviction. The trial proceeded with Sims stipulating to the prior felony OVI conviction. As to the jury instructions on count 2, the jury was instructed by the trial court that Sims's prior OVI felony conviction was conclusively established by stipulation. The jury then returned a guilty verdict on count 2, and by doing so, the jury found that Sims had a prior OVI conviction, because a prior conviction is an element of the offense under R.C. 4511.19(A)(2). The only dispute that Sims's appellate counsel now raises is that the jury never specifically found that Sims's prior conviction was a "felony." But, the jury could not find Sims guilty under R.C. 4511.19(A)(2) and also find that Sims had anything other than a prior felony OVI conviction based on the express trial court instruction that Sims and the state "have stipulated that Defendant has been convicted of a felony OVI offense within twenty years." This is not a case where the trial court could not tell from the verdict form what the jury intended in finding Sims guilty. Therefore, strictly applying R.C. 2945.75(A)(2) to this case without any showing of plain error leads to the unjust result that Sims committed first-degree misdemeanor OVI under R.C. 4511.19(A)(2). *See* R.C. 1.47(C) ("In enacting a statute, it is presumed that [a] just and reasonable result is intended[.]").

Sims's case is on point with *State v. Kilbane*, 8th Dist. Cuyahoga No. 99485, 2014-Ohio-1228. In *Kilbane*, the defendant was charged with two counts of OVI under R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(d). Both counts in the indictment referenced that the defendant had been previously convicted of felony OVI, which elevated the OVI charges to third-degree felonies. The jury returned guilty verdicts on both counts. The verdict forms contained an explicit finding by the jury that the defendant had been previously convicted of an OVI offense, but the verdict forms did not specify that the prior conviction was a felony. The *Kilbane* court relied on *Eafford* and held that the verdict forms did not rise to the level of plain error under R.C. 2945.75(A)(2), because of the absence of the single word "felony." The *Kilbane* court noted that the defendant had admitted to having a prior felony conviction under R.C. 4511.19, and the court noted the jury was expressly instructed as to the felony nature of the defendant's prior OVI conviction.

I would follow *Kilbane* in this case because I do not believe the trial court erred under R.C. 2945.75(A)(2) in convicting Sims of third-degree felony OVI under R.C. 4511.19(A)(2). The majority's holding that Sims must be convicted of a first-degree misdemeanor OVI defies every aspect of what actually occurred at the trial-court level, including the indictment against Sims, the specific stipulation by the parties, the jury's instructions regarding that stipulation, and ultimately the jury's verdict.

*Sims I*, 2023-Ohio-4711, at ¶ 39-42 (1st Dist.) (Winkler, J., concurring in part and dissenting in part).

**{¶43}** In *Mays*, the Court explicitly reaffirmed its decision in *Eafford* and explained that appellate courts should apply a plain-error analysis when reviewing a trial court's noncompliance with R.C. 2945.75(A)(2). *Mays*, 2024-Ohio-4616, at ¶ 23, citing *Eafford*, 2012-Ohio-2224.

**{¶44}** Because my dissenting opinion in *Sims I* followed the Court's decision in *Eafford*, my opinion in Sims's case remains unchanged after *Mays*. Therefore, I respectfully dissent from the portion of the majority's opinion holding that Sims must be convicted of first-degree misdemeanor OVI under Count 2. I concur in the majority's holding that Sims's OVI convictions in Count 1 and Count 2 are allied offenses of similar import that should have been merged by the trial court.

Please note:

The court has recorded its entry on the date of the release of this opinion.